CP-1999-8                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                       | Querella      |
| Luis Américo Aguila López    | 2000 TSPR 166 |

Número del Caso: CP-1999-8

Fecha: 27/septiembre/2000

Oficina del Procurador General:

> Lcda. Ivonne Casanova Pelosi
> Procuradora General Auxiliar

Abogado de la Parte Querellada:

> Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Luis Américo Aguila
       López

CP-1999-8

PER CURIAM

San Juan, Puerto Rico, a 27 de septiembre de 2000.

Examinadas las determinaciones de hechos formuladas por el Comisionado Especial, así como la comparecencia del querellado, sobre las alegadas violaciones a los Cánones 6, 18, y 35 de Ética Profesional, se suspende a Luis A. Aguila López de la profesión de la abogacía por un periodo de un (1) año.

I.

En el año 1995 Herminio Miranda González le solicitó al Lcdo. Luis A. Águila López que lo representara en un procedimiento administrativo sobre destitución, ante la Junta de Apelaciones del

Sistema de Educación Pública (JASEP). El abogado radicó un escrito de Apelación ante JASEP. El 18 de octubre de 1995 se señaló una conferencia sobre el estado de los procedimientos. A dicha conferencia Aguila López no compareció. Tampoco se excusó por la referida incomparecencia.

Tras varios incidentes procesales, JASEP emitió una orden requiriendo que se mostrara causa por la cual no se debía desestimar la apelación por incomparecencia. A pesar de haberse notificado dicha orden al Lcdo. Aguila López, éste no contestó la misma.

Así las cosas, el 14 de febrero de 1996, JASEP desestimó la apelación y decretó el archivo del caso. El licenciado Aguila López no solicitó reconsideración en el término que establece la Ley.[1] No fue hasta casi un año después de dictada la resolución en virtud de la cual se desestimó la apelación, cuando Aguila López presentó ante JASEP una Moción de Reconsideración. Adujo en la misma, en síntesis, que no pudo comparecer a la conferencia sobre el estado de los procedimientos por estar viendo un caso ante el Tribunal de Distrito de Aguada y que se había comunicado por teléfono con un funcionario de JASEP para excusarse.

---

[1] El Lcdo. Aguila López arguye que cuando recibió la resolución desestimatoria preparó y firmó una Moción de Reconsideración y dio instrucciones a su personal para que presentara la referida Moción. No obstante, Aguila López señala que desconoce las razones por las cuales la moción nunca fue presentada.

También señaló que realizó varias gestiones para que se señalara el caso. JASEP emitió una resolución en la que dictaminó que no tenía jurisdicción para considerar la referida moción.

Luego de los procedimientos de rigor, se instó la correspondiente querella disciplinaria contra Aguila López. En su contestación a la querella, el abogado reprodujo los planteamientos esbozados en la moción de reconsideración presentada ante JASEP. Así, señaló que no pudo comparecer a la conferencia sobre el estado de los procedimientos por estar atendiendo otro caso y que se había comunicado por teléfono con un funcionario de JASEP para excusarse. También señaló que realizó, sin éxito, varias gestiones para lograr que se señalara el caso.

Posteriormente, el Lcdo. Aguila López presentó una Contestación Enmendada a la querella, en la que aceptó que no era cierta la información que expuso, tanto en la Moción de Reconsideración presentada ante JASEP, como en la Contestación inicial de la querella. Aceptó, además, que no le prestó la atención ni la diligencia necesarias al asunto que su cliente le encomendó, ofreció sus excusas al cliente y a este Tribunal y señaló que estaba dispuesto a asumir la responsabilidad por sus actos u omisiones. Finalmente, indicó que estaba en la mejor disposición de reparar el daño ocasionado a su cliente.

Este Tribunal, mediante Resolución, nombró un Comisionado Especial para que recibiera la prueba correspondiente. Luego de varios incidentes procesales, se celebró la correspondiente vista. Con el beneficio del Informe presentado por el Comisionado Especial y la posición del querellado, estamos en posición de resolver.

## II.

El Canon 18 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18, establece que todo miembro de la profesión legal tiene el deber de defender los intereses del cliente diligentemente con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidad. Debe desempeñarse de una forma adecuada, responsable, capaz y efectiva. In re Acosta Grubb, 119 D.P.R. 595 (1987); In re Roldán Figueroa, 106 D.P.R. 4(1977). Incumple un abogado con sus deberes éticos cuando luego de aceptar representar a un cliente, no hace gestión profesional alguna a favor de éste. In re Pagán Ayala, 115 D.P.R. 431 (1984).

En el presente caso no hay duda de que el querellado incumplió sus deberes éticos pues no desplegó la responsabilidad, diligencia y competencia necesarias. La indiferencia, desidia, despreocupación e inacción caracterizaron la representación de su cliente ante JASEP.

No compareció a la conferencia sobre el estado de los procedimientos celebrada en JASEP, ni contestó las órdenes y requerimientos que dicha Junta le hizo en varias ocasiones. Se limitó el abogado a presentar una moción de reconsideración casi un año después de que se desestimó la apelación ante JASEP. No debemos perder de vista que al prestar sus servicios profesionales ante organismos administrativos, el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales. Canon 6 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 6.

Además de incumplir con las referidas obligaciones éticas, el querellado Aguila López incumplió con su deber de sinceridad y honradez. La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser honrada y sincera. Canon 35 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 35. No podemos pasar por alto el hecho de que tanto en la moción de reconsideración presentada ante JASEP, como en la contestación inicial a la querella, Aguila López proveyó información falsa con el propósito de excusar su actuación incompetente. Al así actuar,violentó el principio fundamental de que los abogados deben actuar en todo momento de forma honrada y sincera.

III.

El querellado incurrió en conducta profesional antiética al no comparecer ante los procedimientos ante un organismo administrativo y al incumplir las órdenes y los requerimientos de éste. Sus actos y omisiones, provocaron que se archivara la apelación que se presentó ante dicho organismo. Por otro lado, aunque el el abogado rectificó su actuación y se excusó ante este Tribunal, no podemos perder de vista que Aguila López proveyó al organismo administrativo y a este Tribunal información falsa.

El hecho de que Aguila López haya aceptado que no le prestó la atención necesaria al asunto que su cliente le encomendó y que haya ofrecido excusas, no es óbice para que ejerzamos nuestra función disciplinaria. Es una circunstancia atenuante pero no eximente de responsabilidad. Es evidente que las actuaciones de Aguila López violaron principios éticos fundamentales y causaron perjuicios a su cliente, por lo que procede suspender inmediatamente a Aguila López del ejercicio de la abogacía y la notaría en Puerto Rico por un periodo de un (1) año.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro

administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado. El cumplimiento con estos deberes, deberá ser notificado también al Procurador General.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Luis Américo Aguila
        López

CP-1999-8

SENTENCIA

San Juan, Puerto Rico, a 27 de septiembre de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede la cual se hace formar parte integrante de la presente, se decreta la suspensión inmediata de Luis Américo Aguila López del ejercicio de la abogacía y la notaría en Puerto Rico por un periodo de un (1) año a partir de la notificación de esta Sentencia.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado. El cumplimiento con estos deberes, deberá ser notificado también al Procurador General.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno

Secretaria del Tribunal Supremo

Secretaria del Tribunal Supremo