CP-2001-4                                                         1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
|---|---|
| Héctor M. Hernández Nazario<br>Louis De Mier-Le Blanc | 2003 TSPR 45<br><br>158 DPR _____ |

Número del Caso: CP-2001-4


Fecha: 28/marzo/2003


Oficina del Procurador General:
                     Lcda. Yvonne Casanova Pelosi
                     Procuradora General Auxiliar


Abogado de los Querellados:
                     Lcdo. Fernando Olivero Barreto


Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Héctor M. Hernández Nazario
 Louis De Mier-Le Blanc                    CP-2001-4

PER CURIAM

San Juan, Puerto Rico, a 28 de marzo de 2003.

El 25 de mayo de 2000, la Sra. Belinda Vélez Vázquez (en adelante, la Sra. Vélez Vázquez o "la quejosa") presentó ante el Procurador General una queja en contra de los abogados Héctor M. Hernández Nazario y Louis De Mier-Le Blanc (en adelante, "los querellados"), en la que les imputa no haber sido orientada sobre los términos prescriptivos para ir en alzada de una determinación de la Junta de Síndicos del Sistema de Retiro de Empleados del Estado Libre Asociado de Puerto Rico (en adelante, "la Junta de Síndicos"). Alegó, en esencia, que esto causó que su caso fuera archivado sin haber

tenido la oportunidad de recurrir al Tribunal del Circuito de Apelaciones (en adelante, TCA).[1]

Luego de varios trámites procesales, el 28 de marzo de 2001 el Procurador General presentó ante este Tribunal la correspondiente querella en contra de los licenciados Hernández Nazario y de Mier- Le Blanc. En ésta, se les imputó a cada uno dos cargos por alegadas violaciones a los Cánones 18 y 19 de los de Ética Profesional, 4 L.P.R.A. Ap.IX.

Con relación al primer cargo, el Procurador General indicó que ambos letrados violentaron las disposiciones del Canon 18 del Código de Ética Profesional, *supra*, **el cual**, entre otras cosas, **impone a todo abogado el deber de defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estime adecuada y responsable.**[2]

---

[1]De los hechos que dan base a la interposición de la referida queja, se desprende que en 1993 la Sra. Vélez Vázquez contrató a los querellados para que la representaran ante las oficinas del Seguro Social, del Sistema de Retiro y del Fondo de Seguro del Estado en reclamos de derechos por los daños que ésta sufriera como resultado de un accidente de trabajo.

La quejosa indicó que dichos abogados presentaron una Moción de Reconsideración ante la Junta de Síndicos, esto debido a una denegatoria de esa entidad al reclamo de la quejosa por incapacidad. Dicha moción fue rechazada de plano, por lo que la quejosa trató de comunicarse en varias ocasiones con los querellados por temor a que el término para recurrir ante el TCA transcurriera. A pesar de las gestiones realizadas, le fue imposible comunicarse con estos, por lo que procedió a comunicarse con la Junta de Síndicos donde le indicaron que su caso había sido archivado. Véase Informe de la Comisionada Especial, a las págs. 16-17

[2] Según lo expuesto en dicha querella, en una vista celebrada en la Junta de Síndicos el 16 de mayo de 1995, el Lcdo. De Mier- Le Blanc acordó presentar en evidencia el expediente que la quejosa tenía en el Seguro Social, del cual alegadamente surgían hechos que beneficiaban su caso ante la Junta. Éste nunca lo hizo. Arguyó el Procurador General que "aunque hubiera sido improcedente concluir que el no haber presentado oportunamente la evidencia que existía en el expediente del Seguro Social de la quejosa fue la razón *per se*, por la cual la Junta le denegó a la quejosa la incapacidad ocupacional, sí podía afirmarse que la omisión de los abogados de presentar dicha prueba pudo haber privado a dicha Junta de todos los elementos de juicio necesarios para emitir una determinación distinta a la adjudicada". *Véase* Informe del Procurador General, a la pág. 3.

Respecto al segundo cargo, el Procurador General señaló que los querellados violentaron el Canon 19 del Código de Ética Profesional, *supra*, **el cual**, *inter alia*, **obliga a todo abogado a mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.**[3]

Los querellados contestaron la querella ofreciendo su versión del asunto y alegando que los cargos, a la luz de sus explicaciones, eran insostenibles.

Así las cosas, el 8 de marzo de 2001 designamos a la Hon. Ygrí Rivera de Martínez como Comisionada Especial para que escuchara la prueba y rindiera un Informe en el presente caso. Dicho Informe se presentó ante nos el 12 de agosto de 2002.

En cuanto al primer cargo, la Comisionada Especial indicó que el 10 de octubre de 2001 tanto el Procurador General como los querellados sometieron un *Informe de Conferencia entre Abogados*, en el que se solicitó que se enmendaran los hechos de la querella. En el mismo, **el Procurador concluyó que los querellados no fueron negligentes en sus gestiones y trámites relacionados con la presentación de evidencia ante la Junta de Síndicos del Sistema de Retiro, por lo que la imputación a la violación del Cánon 18 era improcedente.**

En consecuencia, se procedió a enmendar la querella quedando solamente a dilucidarse en la vista evidenciaria la imputación sobre el Canon 19, *supra*, sobre la alegada falta de comunicación entre los abogados y la quejosa.

Luego de varias posposiciones, se celebró la vista el 13 de febrero de 2002.[4] En cuanto a esta segunda imputación, los querellados negaron

---

[3] Sobre este particular, según surge de la querella presentada, los licenciados Hernández Nazario y De Mier- Le Blanc no contestaron las llamadas de la Sra. Vélez Vázquez, lo que causó que ésta no adviniera en conocimiento de las alternativas que tenía disponible una vez la reconsideración de su caso fue denegada. Esto la privó de presentar oportunamente un recurso ante el foro judicial de la determinación tomada por la Junta. Véase Informe de la Comisionada, a la pág.17.

[4] Comparecieron a dicha vista la Lcda. Ivonne Casanova Pelosi, Procuradora General Auxiliar y el Lcdo. Fernando Olivero Barreto, en representación

haber sido negligentes. Aseguraron que durante todo el proceso habían advertido a la quejosa del ámbito de su representación legal, el alcance de la decisión, resolución u orden, los términos legales para presentar cada acción y el hecho de que cualquier trámite ante el foro apelativo debía ser gestionado a través de otro abogado. Alegaron además, que la quejosa tuvo conocimiento directo a través del Sistema de Retiro y con tiempo suficiente para determinar si recurría al foro apelativo. Contrario a lo señalado por estos, la Sra. Vélez Vázquez alegó que no fue informada del tiempo y las alternativas que tenía disponible para ir en alzada.[5]

Durante la vista, ambas partes informaron a la Comisionada Especial de un acuerdo mediante el cual los querellados pagarían la suma de cuatro mil dólares ($4,000.00) a la Sra. Vélez Vázquez como compensación por cualquier daño que se le hubiese causado. En dicha transacción, estipularon que la Sra. Vélez Vázquez desistiría de cualquier queja pendiente ante este Honorable Tribunal y, además, que se le haría entrega de cualquier documento relacionado con el expediente que estuviese aún en posesión de los querellados.[6] Así pues, solicitaron a la Comisionada que recomendase el archivo de la querella.

Por su parte, la Comisionada Especial entendió que el acuerdo cumplió con el propósito que persigue el procedimiento disciplinario. Por tal razón, recomendó a este Tribunal que acepte el mismo y proceda al archivo de la queja.[7]

---

de la parte querellada, el Lcdo. Hernández Nazario y el Lcdo. De Mier- Le Blanc.

[5] *Véase* Informe de la Comisionada Especial, a la pág. 4.

[6] La Procuradora General Auxiliar entendió que la transacción cumplió con el interés público que persigue este tipo de procedimientos. Se hizo constar que los abogados querellados gozan de buena reputación y que nunca habían sido objeto de procedimiento disciplinario alguno. Informaron, además, que no recibieron honorarios por los incidentes en el caso ante el Sistema de Retiro y que se trata de una querella que no imputa conducta inmoral, ni atenta contra el interés público.

[7] Sobre este particular, la Comisionada Especial señaló que el tiempo transcurrido y el enojoso trámite disciplinario, así como la compensación económica que formó parte del acuerdo le debe haber servido de lección a los abogados para que en el futuro sean más cuidadosos y diligentes en el

El deber de mantener informado al cliente es un elemento imprescindible en la relación fiduciaria abogado cliente. *In Re Criado Vázquez*, 155 D.P.R. _(2001), 2001 T.S.P.R. 154, 2001 J.T.S. 157.

Respecto a dicho deber, este Tribunal ha establecido que volverse inaccesible para un cliente, no responder sus llamadas, no mantenerlo informado de la situación procesal del caso, no informarlo del resultado adverso de su gestión, o no informarlo inmediatamente de una sentencia de archivo o en sus méritos, entre otras cosas, contraviene lo establecido por el Canon 19 del Código de Ética Profesional, supra. Véase *In re Angueira Aguirre*, – D.P.R. –, 2002 T.S.P.R. 92; *In re Vélez Valentín*, 124 D.P.R. 403 (1989); *In re Díaz Alonso*, 115 D.P.R. 755 (1984); *Colón Prieto* v. *Géigel*, 115 D.P.R. 232 (1984); *Maldonado* v. *Secretario de Recursos Naturales*, 113 D.P.R. 494 (1982).

A tono con lo anterior, todo abogado tiene el deber de comunicarse con sus clientes durante cada una de las etapas procesales en que se encuentren sus casos, así como informarles de todas las alternativas y remedios que tienen a su alcance con respecto a la resolución, orden o sentencia que en su día recaiga. Es responsabilidad de todo abogado asegurarse de que su cliente entiende los efectos y consecuencias de estas resoluciones, sentencias u órdenes. Esto incluye, comunicarse con el cliente para discutir la posibilidad de apelar, aún cuando la representación legal de estos no continúe más allá del foro administrativo. No hacerlo constituye una violación a lo dispuesto en el Canon 19 del Código de Ética Profesional, *supra*.

Procedemos a aplicar los preceptos enunciados al caso de marras.

III

Examinado el asunto que se nos plantea en el caso de autos, vemos que la Sra. Vélez Vázquez intentó comunicarse en varias ocasiones con los abogados querellados, lo que le fue imposible. Estos, a su vez, no

descargo de sus responsabilidades profesionales. Véase Informe de la Comisionada Especial, a la pág.20.

fueron claros en torno a si efectuaron una gestión mínima de comunicación con la quejosa una vez fueron notificados de la denegatoria de la Junta de Síndicos. En adición, alegaron que la resolución fue notificada a la Sra. Vélez Vázquez por la Junta, por lo que la quejosa debía tener conocimiento del término que tenía para recurrir. De estos argumentos, inferimos que los querellados entienden que una vez un tribunal u organismo administrativo notifica directamente al cliente de cualquier resolución u orden no hay que comunicarse con éste si ya se ha orientado con anterioridad a éste sobre los derechos y remedios que posee. No les asiste la razón.

Tan pronto la Junta de Síndicos notificó su denegación a reconsiderar el caso de la Sra. Vélez Vázquez, los querellados debieron comunicarse con ésta e informarle nuevamente sobre su derecho a recurrir y los términos para ello, **así como inquirirle en cuanto a cualquier duda o preocupación que pudiera tener.** No hacerlo representó una violación al deber de informar que tiene todo abogado con respecto a su cliente. *In re Rosario*, *supra*; *In re Cardel Matos*, *supra*.

No obstante, a pesar de haber incurrido en dichas faltas, los querellados mantuvieron a la Sra. Vélez Vázquez informada de todos los asuntos importantes en los casos ante el Seguro Social y el Fondo de Seguro del Estado, así como desplegaron todas las diligencias importantes en los mismos. En adición, estos realizaron un acuerdo económico con la querellada como compensación por cualquier daño causado.

Sobre este particular, es menester reiterar que cualquier transacción realizada entre los abogados y sus ex-clientes por los daños ocasionados por actuaciones impropias o antiéticas de los primeros, no precluye nuestra jurisdicción disciplinaria para entender en la querella que ha sido objeto de la transacción. En algunos casos, podrá constituir un atenuante, y en otros, podrá ser determinante para su archivo. *In re Pagán Ayala*, 117 D.P.R. 180, 186-87.

Por tales razones, y debido al interés de los querellados por corregir cualquier posible violación en la que hubieran podido incurrir

en el caso ante la Junta, entendemos que existen atenuantes que debemos tomar en consideración.

Procedemos a amonestar al Lcdo. Héctor M. Hernández Nazario y al Lcdo. Louis A. De Mier-Le Blanc con el apercibimiento de que de incurrir en el futuro en conducta en violación de los Cánones de Ética Profesional estarán sujetos a medidas disciplinarias más severas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re


Héctor M. Hernández Nazario
Louis De Mier-Le Blanc                    CP-2001-4


SENTENCIA

San Juan, Puerto Rico, a 28 de marzo de 2003.

A tenor de la Opinión Per Curiam que antecede y que se hace formar parte de esta Sentencia, procedemos a amonestar al Lcdo. Héctor M. Hernández Nazario y al Lcdo. Louis A. De Mier-Le Blanc con el apercibimiento de que de incurrir en el futuro en conducta en violación de los Cánones de Ética Profesional estarán sujetos a medidas disciplinarias más severas.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo