EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lcdo. Peter Díaz Santiago | 2005 TSPR 26<br><br>163 DPR _____ |

Número del Caso: CP-2002-8

Fecha: 4 de marzo de 2005

 Abogado del Peticionario:

                    Lcdo. Antonio Borrés Otero

Oficina del Procurador General:

                    Lcda. Noemí Rivera De León
                    Procuradora General Auxiliar

Materia: Conducta Profesional
        (La suspensión será efectiva el 9 de marzo de 2005
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Peter Díaz Santiago                    CP-2002-8

PER CURIAM

San Juan, Puerto Rico, a 4 de marzo de 2005.

Peter Díaz Santiago fue admitido al ejercicio de la abogacía el 17 de enero de 1995 y al ejercicio del notariado el 10 de abril de 1995.

El 11 de diciembre de 2001, el Procurador General de Puerto Rico sometió ante nuestra consideración un informe relativo a determinados actos impropios de Díaz Santiago en su quehacer profesional. Examinado el informe referido, el 12 de abril de 2002 le ordenamos al Procurador General que presentara la querella correspondiente, lo que éste hizo el 23 de mayo de 2002, formulando tres cargos contra Díaz Santiago.

Luego de concedérsele una prórroga para ello, el 16 de julio de 2002, Díaz Santiago compareció ante

nos mediante su representación legal y negó los tres cargos que se habían presentado en su contra. En vista de tal contestación, el 30 de agosto de 2002 nombramos un Comisionado Especial para que condujese los procedimientos de rigor y nos presentase el informe pertinente sobre este asunto.

El 14 de mayo de 2004, el Comisionado Especial rindió su informe. Nos indicó que Díaz Santiago ahora había aceptado como cierto lo imputado en los cargos primero y tercero, de que había violado los Cánones 17 y 20 del Código de Etica Profesional al no haber solicitado permiso del tribunal para renunciar a la representación legal de su cliente en el transcurso de un pleito. Nos señaló, además, que encontraba probado el cargo segundo, de que Díaz Santiago había violado el Canon 18 del mismo Código, en vista de que el Tribunal de Primera Instancia desestimó un pleito en el que Díaz Santiago aparecía como representante legal de la parte demandante, al amparo de la Regla 39.2(b) de Procedimiento Civil, sobre la inactividad de una parte, porque Díaz Santiago había hecho caso omiso de una orden de dicho tribunal. El Comisionado Especial concluyó específicamente que Díaz Santiago **no había desplegado la diligencia debida** al no tramitar su renuncia a la representación legal de un cliente y provocar así **"que una demanda de daños presentada por él, fuera archivada por inacción"**.

También determinó el Comisionado Especial que la actuación referida de Díaz Santiago le había causado daños

económicos a su cliente, **que no le fueron compensados de forma alguna**. Añadió que si Díaz Santiago hubiese compensado al cliente por los daños sufridos como consecuencia del archivo de su caso, tal compensación hubiese sido pertinente al imponer las sanciones correspondientes.

El referido informe del Comisionado Especial le fue notificado a Díaz Santiago el 24 de mayo de 2004. El 9 de junio de ese año, éste compareció mediante su abogado. Solicitó *inter alia* una prórroga para presentar sus objeciones al informe, que le fue concedida el 20 de septiembre de 2004, apercibiéndosele entonces de que no presentar sus objeciones dentro de ese término, podría **"ser disciplinado sin más citarlo ni oirlo"**. El 15 de octubre de 2004, Díaz Santiago nos solicitó otra prórroga para presentar sus objeciones al informe del Comisionado Especial. El 29 de diciembre de 2004 le volvimos a conceder una prórroga para ello.

Han transcurrido ya más de seis semanas desde que venció la última prórroga que le concedimos a Díaz Santiago para presentar sus objeciones al informe en cuestión, sin que éste haya comparecido ante nos. Pasamos a resolver.

II

Reiteradamente hemos insistido en el deber que tiene todo abogado en defender **diligentemente** los intereses de su cliente, según lo exige el Cánon 18 de Etica Profesional. In re: Laureano Molina, 161 D.P.R. ___, 2004 TSPR 6, 2004 JTS

113; In re: Laborde Freyre, 159 D.P.R. ___, 2003 TSPR 126, 2003 JTS 127; In re: Grau Díaz, 154 D.P.R. ___ , 2001 TSPR 70, 2001 JTS 70; In re: Aguila López, 152 D.P.R. 49 (2000); In re: Arroyo Rivera, 148 D.P.R. 354 (1999); In re: Verdejo Roque, 145 D.P.R. 58 (1998); In re: Pérez Santiago, 131 D.P.R. 676 (1992); In re: Acosta Grubb, 119 D.P.R. 595 (1987).

Peter Díaz Santiago faltó a este deber, al no renunciar debidamente a la representación legal de un cliente suyo en un pleito pendiente; y al dar lugar a que se archivara por inacción el pleito en que representaba a su cliente. Sus omisiones fueron claramente negligentes.

También hemos señalado que la demora injustificada de un abogado en indemnizar al cliente por los daños que éste ha sufrido por la conducta impropia del abogado constituye **un agravante** por reflejar desidia, despreocupación, inacción y displicencia en el descargo de sus obligaciones éticas. Esa misma actitud del abogado hacia su cliente la ha demostrado Díaz Santiago también aquí con respecto a las prórrogas que este Tribunal le ha concedido para presentar sus objeciones al informe del Comisionado Especial.

Por todo lo anterior, se decreta la suspensión inmediata de Peter Díaz Santiago del ejercicio de la profesión por el término de un año, a partir de la notificación de esta Opinión.

Se dictará una sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Peter Díaz Santiago                    CP-2002-8


SENTENCIA

San Juan, Puerto Rico, a 4 de marzo de 2005.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia decretando la suspensión inmediata del ejercicio de la abogacía del Lcdo. Peter Díaz Santiago por un término de un año, a partir de la notificación de esta Opinión.

Se ordena al Alguacil de este Tribunal que proceda a notificar esta Opinión Per Curiam y Sentencia personalmente al licenciado Díaz Santiago y a incautarse de su obra y sello notarial, para ser remitida, examinada y oportunamente objeto de un informe por parte de la Oficina de Inspección de Notarías.

Se le ordena, además, notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta días, contados a partir de la notificación de esta Opinión Per Curiam y Sentencia, el cumplimiento con estos deberes, notificando también al Procurador General. Se le advierte que el incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Graulau Oquendo
Secretaria del Tribunal Supremo