EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------------|
| Carlos Roca Rosselli | 2005 TSPR 60 |
| | 163 DPR ____ |

Número del Caso: CP-2003-0015

Fecha: 1 de abril de 2005

Oficina del Procurador General:

Lcda. Edna Evelyn Rodríguez Benítez
Procuradora General Auxiliar

Abogado del Peticionario:

Por Derecho Propio

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 28
de abril de 2005.)

Este documento constituye un documento oficial del Tribunal Supremo que
está sujeto a los cambios y correcciones del proceso de compilación y
publicación oficial de las decisiones del Tribunal. Su distribución
electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Roca Rosselli

CP-2003-15

PER CURIAM

En San Juan, Puerto Rico, a 1 de abril de 2005.

Hoy nos compete atender una querella contra un abogado que asumió la representación legal de su cliente, en un litigio de naturaleza laboral, asumiendo que la reclamación del demandante no iba a prosperar. Contrario a sus predicciones, la sentencia del Tribunal de Primera Instancia fue adversa al cliente. No obstante, el abogado notificó a su cliente sobre el fallo de instancia cuando ya había vencido el plazo para solicitar reconsideración y acudir en apelación a un foro de mayor jerarquía. Hemos estudiado el expediente personal del abogado, así como el Informe del Comisionado Especial, en conjunto con el expediente de la querella y por las razones que

exponemos a continuación, resolvemos que esta conducta violenta los Cánones 18 y 19 de Ética Profesional. A continuación exponemos los hechos que motivaron la presentación de esta querella, según expuestos en el informe sometido por el Comisionado Especial el 24 de junio de 2003.

## I.

El Lcdo. Carlos Roca Rosselli fue admitido al ejercicio de la profesión legal el 28 de diciembre de 1983. Desde antes de su admisión se desempeñaba como catedrático de la Universidad de Puerto Rico. Continuó dedicándose a la cátedra después de convertirse en abogado y según él mismo expuso, su práctica legal es limitada.

En el año 1995 el Sr. Francisco Caamaño instó una demanda sobre despido injustificado en el entonces Tribunal de Distrito, Sala de Arecibo, en contra de Arecibo Business Machines (Caso Núm. CD 1995-954). La Sra. Margarita Carrucini y su hijo, el Sr. Waldo Vázquez Carrucini, dueños del negocio Arecibo Business Machines, contrataron los servicios profesionales del licenciado Roca para que los representara en ese litigio, porque éste tenía conocimiento de asuntos laborales. La contratación fue verbal. La señora Caruccini pagó al licenciado Roca $600.00 en concepto de honorarios y su hijo le pagó una suma adicional no especificada en la prueba.

El licenciado Roca aceptó la representación legal porque entendía que era un caso sencillo y anticipaba que la decisión del tribunal de instancia sería favorable a la señora Caruccini y su hijo. Aunque él tenía conocimiento sobre asuntos laborales, dedicaba la mayor parte de sus esfuerzos a la docencia y no contaba con experiencia representando casos en apelación o revisión. A pesar de que

estaba consciente de que si asumía la representación legal podría surgir la necesidad de recurrir de cualquier dictamen adverso, no contemplaba esa posibilidad, ya que a base de la información que le proveyó la señora Caruccini, el empleado que la había demandado debía ser considerado como "gerente" bajo las disposiciones legales laborales. Por esa razón entendió que la demanda instada en contra de su cliente no debía prosperar.

El Tribunal de Primera Instancia celebró vista en su fondo. El 30 de diciembre de 1996 emitió sentencia adversa a los clientes del licenciado Roca. El 22 de enero de 1997 se archivó en autos copia de la notificación.

A principios del mes de enero de 1997 el licenciado Roca viajó a Boston, Massachussets por motivo de la grave enfermedad de su hijo.[1] A pesar de que representaba a la señora Caruccini en el pleito laboral y se había ausentado del país, el licenciado R oca no notificó de ello a la Sala del Distrito de Arecibo del Tribunal de Primera Instancia, ni a sus clientes. Tampoco hizo arreglos para que alguna persona recogiera la correspondencia profesional que recibía en un apartado de correo de la Universidad de Puerto Rico. La ausencia del país, que había anticipado que duraría una semana, se extendió durante dos semanas.

El viernes, 24 de enero de 1997, el licenciado Roca regresó a Puerto Rico. El lunes siguiente fue a recoger su correspondencia. En ese momento se enteró de la sentencia adversa emitida en contra de su cliente.[2] El licenciado Roca no solicitó reconsideración ni inició ninguna acción encaminada a

---

[1] Posteriormente su hijo, Luis Mario Roca, q.d.e.p., murió como consecuencia de dicha enfermedad.

[2] Aunque durante la vista el licenciado Roca declaró que cuando regresó a Puerto Rico había expirado el plazo para pedir reconsideración, lo cierto es que no había transcurrido dicho término.

recurrir de la sentencia, pues desconocía sobre la práctica apelativa. Pocos días después, el licenciado Roca comenzó a laborar como asesor del Capítulo de Puerto Rico de la Cruz Roja Americana. Mientras tanto, continuó su cátedra universitaria.

No fue hasta principios del mes de marzo de 1997 que el licenciado Roca notificó a sus clientes de la sentencia del foro de instancia.[3] Para esa fecha ya había vencido el término para recurrir a un foro de mayor jerarquía.  Durante ese mismo mes le entregó a sus clientes el expediente del caso.

El 27 de marzo de 2002, la señora Carrucini y el señor Vázquez presentaron queja contra el licenciado Roca, imputándole negligencia profesional en la defensa del caso Francisco Caamaño v. Arecibo Business Machines, et. Al, Civl CD 1995-954. Según ellos, el abogado no presentó la prueba necesaria para derrotar y controvertir las alegaciones y la prueba que la parte demandante presentó contra ellos durante el juicio. Además, alegaron que cuando el licenciado Roca les notificó que la sentencia emitida en el caso les había sido adversa, les entregó su expediente y renunció a la representación profesional, ya los términos para reconsiderar o apelar habían vencido.

Luego de presentar dos informes y de contar con más evidencia y con la reacción del licenciado Roca, el 10 de junio

---

[3] El Comisionado Especial aclara en su informe que en la vista en su fondo el licenciado Roca, "luego de un breve titubeo, indicó que no estaba seguro si notificó a las clientes sobre la sentencia a fines de enero o fines de febrero." La versión de la señora Caruccini, quien testificó que fue en el mes de marzo cuando conoció de la sentencia en su contra, le mereció mayor crédito al Comisionado Especial.  Ante estos testimonios conflictivos el Comisionado adjudicó, como le correspondía, la cuestión de credibilidad. In re Morales Soto, 134 D.P.R. 1012 (1994).

de 2003 el Procurador General presentó la querella en contra del abogado, la cual consiste de un solo cargo, a saber:

> El Lcdo. Carlos Roca Rosselli violentó los principios de diligencia e información establecidos en el Canon 18 de los de Ética Profesional, al notificar tardíamente sobre una sentencia que le era adversa a sus clientes y al no salvaguardar el derecho a apelar de éstos.

El 24 de junio de 2003 el licenciado Roca contestó la querella radicada en su contra. En la misma señaló que de haber cometido alguna falta, su negligencia consistió en no informar al tribunal de instancia de su viaje fuera de Puerto Rico, que en lugar de una semana se prolongó por dos semanas. Además, alegó que cuando fue a informar a su cliente sobre la sentencia renunció a su caso y le recomendó que buscara un abogado con conocimiento en práctica apelativa.

El 30 de junio de 2003 nombramos como Comisionado Especial al Hon. Enrique Rivera Santana, quien celebró vista en su fondo para dilucidar la querella, el 21 de enero de 2004. El Procurador General, representado por la licenciada Rodríguez Benítez, presentó el testimonio de la Sra. Margarita Caruccini y sometió el caso con dicho testimonio y el expediente de la queja. Por su parte, el licenciado Roca compareció por derecho propio y dejó sometido el caso con su testimonio.

El 27 de febrero de 2004 el Comisionado Especial sometió su Informe, el cual contiene las determinaciones de hechos en que hemos basado nuestra decisión. Según el Comisionado, a pesar de que el Procurador General tan sólo imputó al licenciado Roca violación al Canon 19, la conducta imputada también configura prohibiciones al Canon 18, debido a la notificación tardía de la sentencia. Según él, aunque la violación a este Canon "no estuviera especificad[a] en el cargo, éste quedó enmendado por la prueba presentada por el propio querellado."

II.

El Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 18, dispone, en lo que nos concierne:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.
>
> ...

Al interpretar este Canon hemos establecido que un abogado que luego de aceptar un caso no demuestra la competencia y diligencia que exige la práctica de la abogacía y que no mantiene informado a su cliente de los desarrollos del caso incurre en una seria violación de la ética profesional. In re Arroyo Rivera, res. el 19 de mayo de 1999, 148 DPR __ (1999); 99 TSPR 78; In re Verdejo Roque, 145 DPR 83 (1998).

Por otra parte, el Canon 19 claramente establece que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado." 4 LPRA Ap. IX, C.19. De no hacerlo incurre en conducta irresponsable que viola la ética profesional. In re Rosario, 116 DPR 642 (1985); In re Acosta Grubb, 119 DPR 595 (1987); In re Cardona Vázquez, 108 DPR 6 (1978). Precisamente, en In re Ayala Torres, 150 D.P.R. 288 (2000), reiteramos que uno de los asuntos importantes a los que se refiere el Canon 19 comprende la notificación al cliente de que se dictó sentencia. Esta notificación ha de ser inmediata, en tiempo para que el

cliente tome la decisión que éste interese sobre los procedimientos disponibles para revisar la misma. Por tanto, no informar al cliente inmediatamente de una sentencia de archivo o en sus méritos contraviene lo establecido en el Canon 19, supra. In re Hernández, Demiel-Le Blanc, res. del 28 de marzo de 2003, 159 DPR __ (2003), 2003 TSPR 45. En esa ocasión resolvimos que violentaron el Canon 19 dos abogados quienes luego de recibir la notificación de la Junta de Síndicos negándose a reconsiderar el caso de su cliente, no se comunicaron con ésta ni le informaron nuevamente sobre su derecho a recurrir y los términos para ello, aun cuando la Junta de Síndicos también había notificado al cliente de su decisión.

Como regla general, en ausencia de un convenio, un abogado que actúa como tal en la celebración de un juicio o en los trámites judiciales seguidos en un tribunal de primera instancia, no tiene la obligación para con su cliente de continuar como abogado en los trámites de apelación, una vez dictada sentencia. Pueblo v. Jiménez, 77 DPR 687, 691 (1954). **Esta norma nunca debe confundirse con la responsabilidad que existe de salvaguardar el derecho de apelar**. Colón Prieto v. Géigel, 115 DPR 232 (1984). La misma existe independientemente de que haya o no pacto al respecto, porque surge del deber de todo abogado de comunicar a su cliente todo asunto importante y de ofrecer una labor idónea, responsable y diligente, según disponen los cánones 18 y 19.

III.

En la vista en su fondo celebrada por el Comisionado Especial, el licenciado Roca testificó que, además de desconocer la práctica apelativa, el hecho de estar desempeñándose como catedrático y asesor de la Cruz Roja Americana fueron el motivo

para que no apelara la sentencia. Además, en su contestación al Informe Suplementario del Procurador General de 14 de noviembre de 2002 indicó que cuando recogió su correspondencia y advino en conocimiento de la sentencia del foro de instancia, el plazo de reconsideración había vencido y faltaban pocos días para que venciera el término para acudir en alzada, por lo que fue donde sus clientes para indicarles que debían "inmediatamente buscar un abogado para que le preparara el escrito de apelación." Esta versión no fue creída por el Comisionado, quien concluyó en su determinaciones de hechos que cuando el licenciado Roca notificó a sus clientes del fallo en su contra ya habían vencido todos los términos para recurrir de la sentencia.

Al no informar a sus clientes sobre el fallo en su contra, el licenciado Roca impidió que éstos ejercieran su derecho a apelar. Aunque el propio Comisionado especifica que durante el procedimiento disciplinario no se sometió prueba sobre la posibilidad de que la sentencia fuera modificada o revocada de haberse acudido en revisión, esto en nada altera el hecho de que la conducta del licenciado Roca violentó las normas que rigen nuestra profesión.

Nos preocupa, además, un asunto que no debería pasar inadvertido. El licenciado Roca admitió que su práctica legal es limitada, que no tiene conocimientos sobre trámites apelativos y que su tiempo lo dedica a la cátedra y a laborar en la Cruz Roja Americana. Estas circunstancias propiciaron que el caso de los querellantes quedase relegado a un segundo plano. Hacemos hincapié en que el abogado que practica la profesión tan sólo a tiempo parcial no está exento de cumplir fielmente sus deberes profesionales. Independientemente de la carga de otros trabajos no legales, el abogado debe desplegar diligencia y rendir una labor idónea. De lo contrario, la sensatez lo obliga

a no aceptar la representación del cliente. El ejercicio de la abogacía requiere en todo momento celo, cuidado y prudencia. In re Filardi Guzmán, 144 D.P.R. 710 (1998).

En este caso, la falta cometida por el licenciado Roca tuvo consecuencias, a todas luces, irreversibles. La sentencia en contra de sus clientes es ya final y firme, por lo que han sido privados de su derecho de apelación. Resolvemos que con su conducta el licenciado Roca violó los cánones 18 y 19 de los Cánones de Ética Profesional. Tomando en consideración que ésta es la primera querella radicada en contra del licenciado Roca, que fue una conducta aislada y que durante el tiempo de los hechos por los cuales se originó esta querella estaba lidiando con la enfermedad de su hijo, lo suspendemos del ejercicio de la abogacía por el término de seis (6) meses, a partir de la notificación de esta Opinión, y lo apercibimos de que el incumplimiento con sus deberes profesionales en el futuro puede conllevar una sanción más severa.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Roca Rosselli                 CP-2003-15

SENTENCIA

En San Juan, Puerto Rico, a 1 de abril de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia decretando la suspensión del Lcdo. Carlos Roca Rosselli del ejercicio de la abogacía por el término de seis (6) meses.

Se impone a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión Per Curiam y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial del Sr. Carlos Roca Rosselli.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita, por entender que no es procedente disciplinar al querellado por violación al Canon 19 pues no fue presentado cargo alguno por el

Procurador General por virtud del mismo y porque, por imperativo del debido proceso de ley, estamos impedidos de hacerlo.  Por esa razón entiende que la sanción impuesta es excesiva. El Juez Asociado señor Corrada del Río no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo