EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Iván M. Flores Ayffán | 2007 TSPR 15 169 DPR _____ |

Número del Caso: CP-2005-6

Fecha: 26 de enero de 2007

Oficina del Procurador General:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Lcdo. Rafael A. García López

Materia: Reinstalación al ejercicio de la abogacía.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Iván M. Flores Ayffán

CP-2005-6

PER CURIAM

San Juan, Puerto Rico, a 26 de enero de 2007

El abogado Iván M. Flores Ayffán fue admitido a la práctica de la abogacía en Puerto Rico el 25 de junio de 1991 y a la de la notaría el 13 de septiembre del mismo año. En el año 1996, el Procurador General, en relación con una queja que presentara el Sr. Efraín Luiggi Negrón contra Flores Ayffán, presentó dos informes al respecto ante este Tribunal. Instruimos, entonces, al Procurador General a que presentara la correspondiente querella contra Flores Ayffán.

En un procedimiento coetáneo, en relación a una queja que se había anteriormente presentado, este Tribunal suspendió indefinidamente del ejercicio de la abogacía y de la notaría a Flores

Ayffán, mediante Sentencia de 2 de mayo de 2000 por violaciones a los Cánones 18, 19 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.[1] Tras dicha suspensión, el Procurador General descontinuó los trámites en cuanto a la queja de Luiggi Negrón, <u>no</u> radicando la querella que le ordenáramos al respecto.

El 19 de enero de 2005, Flores Ayffán solicitó la reinstalación al ejercicio de la abogacía. Por esta razón, ordenamos la reactivación de la queja contra Flores Ayffán que había permanecido en suspenso. El 13 de abril de 2005, el Procurador General radicó la querella por los hechos relativos a la queja presentada en 1996 por Luiggi Negrón. En ella, se le imputó a Flores Ayffán haber violado los Cánones 12, 17, 18, 19 y 20 del Código de Ética Profesional, ante. En síntesis, el Procurador General alegó que Flores Ayffán violó los mencionados Cánones por las siguientes razones: inercia en la tramitación de una demanda radicada ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico; diligenciamiento inadecuado de los emplazamientos; no haber replicado a dos mociones de desestimación presentadas por las partes contrarias, quedando desestimado el caso; no mantener a su cliente debidamente informado de los trámites del mismo; y "renunciar" a la representación profesional de Luiggi Negrón sin pedirle permiso al tribunal. El 30 de junio de

---

[1] *In re* Flores Ayffán, 150 D.P.R. 907 (2000).

2005, el querellado radicó su contestación a la mencionada querella.

Designamos al ex-Juez Superior, Enrique Rivera Santana para que, en presencia de las partes y en calidad de Comisionado Especial, recibiera la prueba que presentaran las partes y rindiera un informe con sus determinaciones de hechos y recomendaciones pertinentes. El Comisionado rindió su informe; resolvemos.

I

Los togados, como parte intrínseca de su profesión, están obligados a ejercer la máxima diligencia para con las partes, sus compañeros y el tribunal. De esta manera, el abogado debe evitar dilaciones innecesarias en el trámite y solución de los casos; ello a tenor con las disposiciones de Canon 12, ante. En el caso de Neptune Packing Corp. v. The Wackenhut Corp., 120 D.P.R. 283 (1988), establecimos que "[l]os abogados son funcionarios del tribunal y, como tales, están llamados a ayudarlos en su misión de hacer justicia rápida y económica".

El Canon 18, ante, dispone que "es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Por consiguiente, cuando un abogado sabe que no puede rendir una labor idónea competente y que no puede preparase adecuadamente sin

causar demoras o gastos irrazonables al cliente o a la justicia, no debe asumir la representación profesional que se le solicita. No obstante, el abogado que asume la representación profesional de un cliente, viene obligado a mantenerlo informado en cuanto a los asuntos importantes que surjan del caso conforme a las disposiciones del Canon 19, ante. Respecto a ello, en el caso de *In re* Hernández Nazario y Louis De Mier-Le Blanc, res. el 28 de marzo de 2003, 2003 TSPR 45, sostuvimos que:

> "volverse inaccesible para un cliente, no responder sus llamadas, no mantenerlo informado de la situación procesal del caso, no informarlo del resultado adverso de su gestión, o no informarlo inmediatamente de una sentencia de archivo o en sus méritos, entre otras cosas, contraviene lo establecido por el Canon 19 del Código de Ética Profesional".

Por otro lado, el Canon 17, ante, dispone que la comparecencia de un abogado ante un tribunal "debe equivaler a una afirmación sobre su honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial". Cónsono con ello, el abogado que durante el transcurso de un litigio quede convencido que el pleito que tramita es injustificado, viene obligado a pedir permiso del tribunal para renunciar la representación de su cliente. Dicho de otra forma, el abogado que quiera renunciar la representación profesional de su cliente luego de haber comparecido ante el tribunal, tiene que obtener el permiso expreso del foro judicial. Además, para solicitar dicho permiso debe de existir una razón justificada. Como

expresáramos en el caso de <u>Matos v. Metropolitan Marble Corporation</u>, 104 D.P.R. 122 (1965), "[l]a moción de renuncia de representación es una solicitud al tribunal que propone unas razones para que se admita al abogado desligarse del caso".

Por último, el Canon 20, ante, establece que el abogado debe evitar ocasionarle perjuicio a los derechos de su cliente. Para cumplir con este Canon es menester notificarle al cliente de su renuncia, apercibirle de los términos que estén decursando en relación a su causa de acción y aconsejarle sobre la necesidad de conseguir nueva representación legal. Además, efectiva la renuncia del abogado, éste debe entregarle el expediente del caso al cliente y reembolsarle cualquier cantidad que haya recibido como adelanto por servicios que no se llegaron a prestar. Véase: <i>In re</i> <u>Acosta Grubb</u>, 119 D.P.R. 595 (1987); <i>In re</i> <u>Siverio Orta</u>, 117 D.P.R. 14 (1986); <u>Lluch v. España Service Sta.</u>, 117 D.P.R. 729 (1986); <i>In re</i> <u>Díaz Alonso, Jr.</u>, 115 D.P.R. 755 (1984); <i>In re</i> <u>Ávila, Jr.</u>, 109 D.P.R. 440 (1980).

II

Flores Ayffán asumió la representación legal de Luiggi Negrón y radicó la correspondiente demanda ante la Corte de Distrito Federal para el Distrito de Puerto Rico. Flores Ayffán radicó la referida demanda sin haber recibido toda la información pertinente al caso porque, conforme ha expresado, "el término estaba corriendo, y al presentar

dicha Demanda (sic) al menos interrumpiriamos (sic) el término de prescripción de su causa de acción". Luego de radicar la demanda, dicho abogado requirió de su cliente que le proveyera la información necesaria para continuar con la tramitación del pleito porque "sin dicha información no podemos continuar llevando su caso". No bien Flores Ayffán recibió la información que requirió de su cliente, <u>alegadamente</u> se percató de que no existía causa de acción. Por esta razón, le comunicó a su cliente que "de tener alguna otra evidencia o documento que pueda justificar su causa de acción, favor de hacernosla (sic) llegar a la mayor brevedad posible para poder continuar con su caso". En el entretanto, Flores Ayffán diligenció incorrectamente los emplazamientos a las partes demandadas.

Así las cosas, Flores Ayffán envió varias cartas a Luiggi Negrón, citándolo a su oficina en más de una ocasión en aras de recolectar información adicional que justificara la causa de acción. Tras el silencio de Luiggi Negrón y su incomparecencia a las varias citas de Flores Ayffán, este último le remitió una carta en donde expresó que:

> "Como le indicamos en nuestras cartas pasadas […] su caso es uno que carece de mérito ya que no cuenta con la evidencia necesaria para sustentar sus alegaciones que usted me indicara en mi oficina y que fueron utilizadas por mí para la preparación y posterior presentación de la Demanda del presente caso.
>
> Mi recomendación es desistir de su caso, o en la alternativa esperar que el Honorable Tribunal lo desestime, dándole tiempo a usted de encontrar alguna otra representación legal que quiera llevar dicha acción.

[…]
<u>Le notificamos que de surgir cualquier alegación
de parte de alguno de los Demandados no
contestaremos dichas Mociones por las razones
expuestas</u>". (Énfasis suplido).

Conforme a lo aseverado, Flores Ayffán se abstuvo de replicar a dos mociones de desestimación presentadas por las partes demandadas. El tribunal acogió ambas mociones de desestimación. Al recibir las copias de las sentencias emitidas por el tribunal, Flores Ayffán le envió una carta a su cliente notificándole que la desestimación era sin perjuicio por lo que podía volver a presentar la causa de acción. Luego, envió un escrito al tribunal titulado "Moción para sustituir abogado", alegadamente desligándose así del caso.

III

No hay duda de que Flores Ayffán no actuó correctamente en la tramitación de la causa de acción de su cliente. Primeramente, radicó una demanda sin la información necesaria para sostener las alegaciones en clara violación a las disposiciones de los Cánones 12, 17 y 18. Ello <u>no</u> era necesario ya que pudo haber interrumpido el término descriptivo mediante una reclamación extrajudicial. Un abogado que radica una demanda sin tener toda la información necesaria para poder determinar si existe, o no, una causa de acción, ciertamente falla en actuar con

la máxima diligencia que impone el Código de Ética Profesional, ante.

Por otro lado, si un abogado llega a la conclusión de que la demanda que ha radicado no tiene mérito, luego de haber radicado la misma, lo correcto y ético es informárselo al cliente y renunciar formalmente a la representación legal. Cuando un abogado escoge ignorar el curso procesal de un caso, quebranta su deber de defender al cliente. Esta desidia indudablemente causa perjuicio a los derechos del mismo. Dicha actuación es ilícita y atenta contra los principios más básicos del Código de Ética Profesional, ante. En la situación a la que se enfrentaba Flores Ayffán, su deber era simple: informárselo a su cliente, como lo hizo, y renunciar a la representación profesional antes de permitir --cruzándose de brazos-- que se desestimara la causa de acción de Luiggi Negrón.

Como vimos, y habiéndose ya desestimado la causa de acción, Flores Ayffán renunció a la representación de Luiggi Negrón. Sin embargo, dicha renuncia no se hizo conforme establece el Código de Ética Profesional, ante. En lugar de pedirle permiso al tribunal para renunciar a la representación profesional de su cliente, como precisa el Canon 20, ante, Flores Ayffán meramente informó su renuncia. Posteriormente, Flores Ayffán remitió el expediente del caso a su cliente. Sin duda, al así actuar,

el querellado violó el Canon 20 del Código de Ética Profesional, ante.

Por último, no surge claramente si de hecho Flores Ayffán incumplió con su deber de mantener informado a Luiggi Negrón ya que el Procurador General no citó a Luiggi Negrón a comparecer a la vista ante el Comisionado Especial. Del expediente, sin embargo, surge que el querellado mantuvo informado a su cliente mediante cartas. En consecuencia, y respecto a la alegada infracción del Canon 19, concluimos que Flores Ayffán no incurrió en violación a dicho Canon, ante, como alegara el Procurador General.

IV

Tomando en consideración los hechos antes expuestos, y en virtud de nuestro poder inherente para regular la profesión y disciplinar a los miembros de la profesión, concluimos que Flores Ayffán violó las disposiciones de los Cánones 12, 17, 18 y 20, conducta que, de ordinario, ameritaría su suspensión de la práctica de la abogacía.

Ello no obstante, somos del criterio que el trámite de la queja, que comenzara en el 1996, no se debió paralizar tras haberse decretado la suspensión indefinida de Flores Ayffán en el 2000 en relación con otra queja. Esto es, la queja presentada por Luiggi Negrón debió ser tramitada conjuntamente con la queja que desembocó en su suspensión de la profesión ya que ambas eran coetáneas. Por esta

razón, y teniendo en cuenta el tiempo que lleva suspendido Flores Ayffán, le acreditamos la sanción impuesta y la misma se da por cumplida. Por todo lo cual, nos parece razonable conceder la reinstalación de Flores Ayffán al ejercicio de la abogacía.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Iván M. Flores Ayffán

CP-2005-6

SENTENCIA

San Juan, Puerto Rico, a 26 de enero de 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual forma parte íntegra de la presente, resolvemos que Iván M. Flores Ayffán violó las disposiciones de los Cánones 12, 17, 18 y 20 de Ética Profesional, conducta que, de ordinario, ameritaría su suspensión de la práctica de la abogacía. En vista del tiempo que éste lleva suspendido, nos parece razonable acreditarle la sanción que procedería imponerle por ello y damos la misma por cumplida. En consecuencia, se dicta Sentencia decretando la reinstalación de Iván M. Flores Ayffán al ejercicio de la abogacía.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo