EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Luis A. Ortiz López | 2007 TSPR 4 169 DPR _____ |

Número del Caso: CP-2005-7

Fecha: 22 de diciembre de 2007

Oficina del Procurador General:

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Lcdo. Ramón Vega González

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 16 de enero de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Ortiz López          CP-2005-7        Conducta
                                              Profesional

PER CURIAM

San Juan, Puerto Rico, a 22 de diciembre de 2006.

Nos corresponde atender una querella contra un abogado que aceptó la representación legal de unos clientes para instar una demanda en daños y perjuicios y, al no tener éxito en la reclamación extrajudicial, permitió que prescribiera la acción civil sin informárselo a dichos clientes y sin entregarles el expediente cuando le fue requerido. Por entender que la actuación del querellado se apartó de las normas éticas que rigen el ejercicio de la profesión, resolvemos que su conducta infringió los Cánones 18, 19 y 20 de Ética Profesional, *4 L.P.R.A. Ap. IX.*

I

El querellado Luis A. Ortiz López (en adelante, Ortiz López) fue admitido al ejercicio de la abogacía en enero de 1992 y al ejercicio del notariado en enero de 1997.

A mediados del año 2000, el Sr. Celso J. Arocho Irizarry y su esposa, la Sra. Isolina Santiago Rivera (en adelante, esposos Arocho-Santiago), contrataron verbalmente los servicios profesionales de Ortiz López para que iniciara una reclamación en daños y perjuicios a favor de éstos y de la hija menor de ambos, por una caída que sufrió la Sra. Santiago en Palmas del Mar, mientras se encontraba en su séptimo mes de embarazo.

En agosto de 2000, Ortiz López comenzó a hacer gestiones a favor de sus clientes. Mediante carta al efecto, reclamó extrajudicialmente a la aseguradora de Palmas del Mar, pero ésta denegó asumir responsabilidad.

En vista de que las gestiones extrajudiciales no tuvieron éxito, en diciembre de 2000, los esposos Arocho-Santiago y Ortiz López redujeron a escrito los términos del contrato de servicios profesionales, con el fin de dar inicio a la reclamación judicial. En efecto, del contrato surge que las partes discutieron los méritos del caso. Los clientes, además, le entregaron a Ortiz López la suma de $500.00 para que éste cumpliera la referida encomienda. Ortiz López, por su parte, remitió una carta a sus clientes afirmando que tenían que demandar.

El tiempo transcurrió sin que los esposos Arocho-Santiago recibieran información sobre el pleito. Realizaron gestiones para reunirse con Ortiz López, mas por lo general resultaron infructuosas. Eventualmente, ante la insistencia de sus clientes por conocer del status del caso, Ortiz López les remitió copia de un interrogatorio que supuestamente había enviado la parte demandada.

Cabe destacar que el interrogatorio cursado contenía un epígrafe que identificaba el caso como "ISOLINA SANTIAGO RIVERA, DEMANTANTE VS. ROYAL INSURANCE COMPANY ET AL, DEMANDADOS". De éste surgía que el Tribunal de Primera Instancia, Sala Superior de Humacao, estaba tramitando el pleito bajo el número HDP 2001 1537.

Al pasar varios años sin conocer sobre su reclamación, los esposos Arocho-Santiago optaron por acudir a la Sala Superior de Humacao para inquirir sobre el asunto. Allí finalmente descubrieron que no se había presentado ningún caso a su nombre.

En vista de lo anterior, los clientes presentaron una queja mediante la cual reclamaron la devolución del expediente del caso y el dinero entregado. Ortiz López conoció de tal requerimiento en junio de 2003. Sin embargo, transcurrió más de un año antes de que efectuara la entrega.

En agosto de 2004, el Procurador General sometió ante nuestra consideración el Informe relativo a la

referida queja contra Ortiz López. Examinado el Informe, ordenamos la presentación de la querella correspondiente.

El Procurador General le imputa al querellado violaciones a los cánones 18, 19 y 20 del Código de Ética Profesional, *supra*. Específicamente aduce que el querellado violentó dichos cánones al no ser diligente, competente y capaz en la protección de los derechos de sus clientes y con ello permitir que prescribiera cualquier acción que éstos tuvieran; al no mantener informados a sus clientes del desarrollo del asunto encomendado por éstos; al no consultar la estrategia a seguir; y, finalmente, al no hacer una entrega rápida del expediente del caso una vez conoció de tal requerimiento.

Con posterioridad, Ortiz López compareció ante nos y negó los cargos imputados. Eventualmente, designamos al honorable Enrique Rivera Santana como Comisionado Especial para que nos rindiese el informe pertinente luego de cumplir con los trámites de rigor.

El Comisionado Especial sometió su Informe el 2 de junio de 2006. Señala que Ortiz López ahora aceptaba libre y voluntariamente los hechos, según expuestos en el Informe del Procurador General, así como los tres cargos imputados en la querella.

Sometido el caso, estamos en condiciones para resolver.

II

El Canon 18 de Ética Profesional, *4 L.P.R.A. Ap. IX C.18.*, dispone, en lo que nos concierne, que es deber del abogado defender los intereses del cliente diligentemente desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Dicho canon establece también que el abogado no podrá asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. *Canon 18, supra.*

Es norma establecida que cuando un abogado asume la representación de un cliente, tiene la responsabilidad indelegable de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible. *In Re Ortiz Morales, res. el 8 de noviembre de 2005, 2005 TSPR 199.*

En lo pertinente al caso de autos, hemos reiterado que el desatender o abandonar un caso, o permitir que expire el término prescriptivo o jurisdiccional de una acción, son algunos de los tipos de conducta que violan este deber de diligencia. *Véase In Re Ortiz Morales, supra; In Re Roca Roselli, res. el 1 de abril de 2005, 2005 TSPR 60; In Re Díaz Santiago, res. el 4 de marzo de 2005, 2005 TSPR 26.*

Este Tribunal ha sido enfático en reiterar que el deber de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia. *In Re Padilla Pérez, 135 D.P.R. 770 (1994).* Por tanto, un abogado no debe demostrar poco interés en proseguir el caso de su cliente porque aparentemente el caso carece de méritos. *In Re Rosario, 116 D.P.R. 462 (1985).*

Por otro lado, el Canon 19 de Ética Profesional, *4 L.P.R.A. Ap. IX C.19,* claramente establece que el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. El deber de mantener informado al cliente es un elemento imprescindible en la relación fiduciaria abogado-cliente. *In re Hernández Nazario, res. el 28 de marzo de 2003, 2003 TSPR 45.*

En *In Re Hernández Nazario, supra,* específicamente reiteramos que volverse inaccesible para un cliente, no responder a sus llamadas, no mantenerlo informado de la situación procesal del caso, no informarlo del resultado adverso de su gestión, o no informarlo inmediatamente de una sentencia de archivo o en sus méritos, entre otras cosas, contraviene lo establecido por el referido Canon 19.

Por último, del Canon 20 del Código de Ética Profesional, *4 L.P.R.A. Ap. IX C.20*, surge que en nuestro ordenamiento un abogado no tiene un derecho de retención sobre el expediente de su cliente. Una vez el cliente le solicita la renuncia a su abogado, la entrega del expediente de su caso debe ser inmediata y sin dilación alguna. *In re Criado Vázquez, res. el 29 de octubre de 2001, 2001 TSPR 154.*

### III

En el caso de autos, no está en controversia que Ortiz López incurrió en la conducta que se le imputa en la querella. Ortiz López aceptó los cargos y, a base de ello y de la prueba desfilada, el Comisionado Especial concluyó que el querellado incurrió en infracción a los tres cánones señalados. Veamos.

Ortiz López nunca instó demanda en los tribunales a pesar de haber aceptado la representación legal de los esposos Arocho-Santiago para iniciar la acción judicial. Surge del Informe del Comisionado Especial que el querellado entendió que hacía falta la opinión de un perito, pero no lo consiguió. Con posterioridad, desatendió negligentemente la reclamación y permitió, por su inacción, que prescribiera la causa de acción de los esposos Arocho-Santiago.

El Comisionado Especial expone en su Informe que Ortiz López, al no tener éxito en la reclamación

extrajudicial, dudó sobre los méritos de la acción civil a incoarse. No obstante, no le informó lo anterior a sus clientes, ni renunció a su representación legal. Por el contrario, precisamente por el hecho de que las gestiones extrajudiciales fueron infructuosas, Ortiz López notificó a sus clientes la necesidad de demandar y, además, aceptó la suma de $500.00 para iniciar el proceso judicial.

En lugar de asesorar a sus clientes y consultarles la estrategia a seguir, Ortiz López los mantuvo ajenos del verdadero status del caso. El querellado evadió la comunicación con sus clientes y los indujo a creer —mediante el envío de un interrogatorio falso— que la reclamación judicial existía.

La conducta de Ortiz López evidentemente tuvo el efecto inalterable de privar a sus clientes del derecho a reclamar los daños y perjuicios sufridos. Su desidia, despreocupación, inacción y displicencia en el manejo del caso a todas luces constituye una violación a los deberes de diligencia e información contenidos en los cánones 18 y 19 de los de Ética Profesional, *supra*. *In Re Pérez Santiago, 131 D.P.R. 676 (1992); In Re Ortiz Morales, supra.* Reiteramos que un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía y no mantiene al cliente informado de los desarrollos del caso, incurre en una violación seria de ética profesional. *In Re Arroyo Rivera, 148 D.P.R. 354 (1999).*

Por último, el querellado aceptó haber retenido indebidamente el expediente de sus clientes. Es menester insistir en que actúa en contravención al Canon 20 aquel abogado que no entrega de inmediato y sin dilación alguna el expediente del caso una vez el cliente se lo requiere. En el caso de autos, Ortiz López demoró más de un año en devolver el expediente una vez conoció de tal requerimiento. Dicha demora, sin duda alguna, constituye una dilación irrazonable.

En el presente caso, Ortiz López se allanó a los tres cargos imputados. Aunque aclara que, para el momento de los hechos, pasaba por incidentes personales que le impidieron ejercer adecuadamente sus deberes como abogado, el querellado se olvida de que nuestra normativa claramente dispone que las situaciones personales no justifican desatender las responsabilidades éticas que rigen el ejercicio de la abogacía.

Por ende, resolvemos que Ortiz López incumplió los deberes que tenía para con sus clientes, infringiendo de esta forma los cánones 18, 19 y 20 del Código de Ética Profesional, *supra*. Para determinar la sanción disciplinaria aplicable al querellado, tomaremos en consideración que éste aceptó la responsabilidad por los cargos imputados en su contra, pidió disculpas y expresó su sincero arrepentimiento. Ortiz López reconoció que su conducta no estuvo a la altura de lo que exige el ejercicio de la abogacía. Finalmente, pagó a sus clientes una compensación monetaria de $10,000, luego de hipotecar

un inmueble para obtener esta suma. Consideramos estos actos como elementos atenuantes de las violaciones éticas descritas anteriormente. *Véase In Re Quiñones Ayala, res. el 30 de junio de 2005*, *2005 TSPR 99; In Re Pagán Ayala, 117 D.P.R. 180 (1986).*

En virtud de lo anterior, y tomando en cuenta que del expediente personal del querellado surge que ésta es la primera querella en su contra, suspendemos a Ortiz López del ejercicio de la abogacía y de la notaría por el término de tres (3) meses, por deficiencia en el desempeño de la profesión. Se le apercibe de que el incumplimiento con sus deberes profesionales en el futuro puede conllevar una sanción más severa.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial del licenciado Ortiz López y entregarlos a la Directora Interina de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Ortiz López          CP-2005-7          Conducta
                                                Profesional


SENTENCIA


San Juan, Puerto Rico, a 22 de diciembre de 2006.


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión de Luis A. Ortiz López del ejercicio de la abogacía y la notaría por el término de tres (3) meses, por deficiencia en el desempeño de la profesión. Se le apercibe de que el incumplimiento con sus deberes profesionales en el futuro puede conllevar una sanción más severa.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial del licenciado Ortiz López y entregarlos a la Directora Interina de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina