*In re* MARIANO ACOSTA GRUBB.

*Número:* CE-85-738      *Resuelto:* 18 de noviembre de 1987

*José Acosta Grubb* y *Luis A. Toledo,* abogados del querellado; *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogada de El Pueblo.

PER CURIAM: Con fecha de 13 de noviembre de 1985, el Procurador General, Lcdo. Rafael Ortiz Carrión, presentó ante este Tribunal querella contra el Lcdo. Mariano Acosta Grubb, en la que le formuló cuatro cargos de conducta antié-

tica. El 6 de diciembre de 1985, el Procurador General adicionó un quinto cargo a la querella. En todas las querellas se le imputa al licenciado Acosta Grubb no haber desplegado la diligencia necesaria en la representación legal de sus clientes.

Siguiendo el trámite establecido en la Regla 13(h) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, el Lcdo. José M. Aponte Jiménez, ex Juez Superior, fue designado para que en presencia de las partes y en calidad de comisionado especial, oyera y recibiera prueba. Celebrada la vista de la querella, el comisionado especial rindió el informe correspondiente.

## I

## A

En el primer cargo, el Procurador General alega que "[e]l Lcdo. Mariano Acosta Grubb incurrió en conducta antiética en violación a los [C]ánones 18, 19 y 20 en su relación profesional con su cliente Víctor Ortiz Jusino a quien le desatendió el caso, *Víctor A. Ortíz Jusino* v. *Feliciano Adorno Medina y otros*, Civil Núm. 83-5573,...al punto que por su negligencia e inacción, el caso del señor Ortiz Jusino fue archivado con perjuicio para el cliente".

El comisionado concluyó que en efecto, el licenciado Acosta Grubb había asumido la representación legal del señor Ortiz Jusino, quien acordó pagarle al licenciado Acosta Grubb la cantidad de $500 dólares por concepto de sus servicios iniciales y los gastos de la radicación de la demanda. Como el señor Ortiz Jusino no pudo cumplir con el pago, el licenciado Acosta Grubb no realizó ningún trámite adicional en el caso y eventualmente el tribunal lo archivó, con perjuicio, por inactividad.

B

También se le imputa al licenciado Acosta Grubb el haber "incurrido en conducta antiética en violación a los Cánones de Ética en relación con sus clientes Osvaldo Galarza Rosario y otros ... en el caso *Bienvenida Resto Maldonado* v. *Osvaldo Galarza y otros* (O-85-418) Civil Número 84-4246. El abogado querellado abandonó el caso de sus clientes y desatendió la encomienda que le hicieron al grado de no informar(les) sobre los trámites que seguía el caso en el Tribunal haciendo caso omiso, dicho abogado querellado de todos los incidentes procesales que sucedieron en el caso, los cuales nunca informó a sus clientes. Estos se enteraron del resultado del caso cuando se solicitó la ejecución de la sentencia dictada en contra de ellos. Dicha conducta acusa violación a los [C]ánones 18 y 20 en relación a sus clientes y violación al Canon 9 al dilatar y recargar innecesariamente al Tribunal, considerando el hecho adicional que se trataba de un procedimiento de carácter sumario".

El licenciado Acosta Grubb representó a los esposos Galarza Rosario en un pleito radicado contra ellos, en el que un empleado les solicitaba pago de vacaciones, bono de navidad y compensación por despido injustificado. Transcurrido en exceso el término de 30 días concedido por el tribunal para contestar la querella sin que se hubiese formulado la correspondiente alegación responsiva, a solicitud de la parte promovente (querellante), mediante escrito en este sentido notificado al licenciado Acosta Grubb, se anotó la rebeldía a la parte promovida (querellada) dictándose sentencia en contra del señor Galarza Rosario y esposa, la cual fue notificada al querellado, ordenándose pagar al reclamante la suma de $7,444.78 por los conceptos alegados en la querella, más $1,116.71 para gastos y honorarios de abogado. Una vez advino final y firme la

sentencia, se solicitó la ejecución de la misma resultando en el embargo de una cuenta bancaria de Galarza Rosario ascendente a $5,600.

El señor Galarza Rosario, solicitó del tribunal, por derecho propio, que se dejase sin efecto el embargo aduciendo falta de conocimiento en cuanto a los trámites del caso, incluyendo la sentencia dictada y resultados negativos en su gestión de localizar al licenciado Acosta Grubb. Fue entonces que el licenciado Acosta Grubb renunció a la representación legal del señor Galarza.

El querellado, Lcdo. Mariano Acosta Grubb, entregó al Sr. Osvaldo Galarza Rosario un pagaré por la suma de $4,000, a satisfacción de éste, para resarcirlo de los daños ocasionádoles como resultado de la sentencia dictada en su contra. De dicha suma, la cantidad de $2,000 ya fue abonada por el querellado.

## C

En el tercer cargo se le imputa al licenciado Acosta Grubb el haberle desatendido los intereses a su cliente Corporación Samaritano & Co., demandada en el caso *Royal Insurance Co. of P. R. Inc.* v. *Samaritano & Co., Inc.*, CE-85-517. Royal Insurance Company of Puerto Rico presentó demanda contra Samaritano & Co., Inc. (Samaritano) y otro reclamando el pago de daños ocasionados por defectos en los trabajos realizados por el codemandado Samaritano en la impermeabilización del techo de una estructura. El querellado compareció en representación del codemandado Samaritano y contestó la demanda básicamente negando los hechos alegados.

El otro codemandado en el pleito presentó a su vez, demanda de coparte contra Samaritano. Ésta no fue contestada por el querellado. Eventualmente se anotó la rebeldía y se dictó sentencia en contra de Samaritano

condenándole a pagar cualquier suma de dinero que se le impusiera al demandante contra coparte en la demanda.

Conforme surge de la sentencia parcial dictada a favor del demandante contra coparte, también dejó de cumplir con las órdenes del tribunal en relación con la contestación a un interrogatorio sometido. Ello motivó que el tribunal considerara la conducta de Samaritano, representado por el querellado, de pertinaz y obstinada demostrativa "de una falta de interés en su caso". Igualmente, el tribunal eliminó las alegaciones de Samaritano y finalmente, el 7 de diciembre de 1983, dictó sentencia sumaria a favor de la parte demandante al no contestar el querellado una solicitud en este sentido formulada por la parte demandante y por también no haber comparecido a la vista del caso en su fondo en representación de Samaritano.

Todos los escritos relacionados fueron notificados al querellado a su dirección de récord en Calle Esteban Padilla, Núm. 58, Bayamón, Puerto Rico.

Samaritano se enteró sobre la sentencia dictada más de un año después cuando el demandante intentó ejecutarla. Solicitó entonces, con la intervención de otro abogado, que se dejase sin efecto la orden sobre ejecución de sentencia alegando desconocimiento de los acontecimientos en el caso por falta de información de parte del querellado.

En apoyo de su solicitud, Samaritano, entre otros documentos, sometió declaración jurada del querellado mediante la cual éste hace constar que en enero de 1980 mudó su oficina al edificio Banco Cooperativo en Hato Rey, anteriormente ubicada en Bayamón, y que desde esa fecha "no [ha] recibido los escritos que se [le] han enviado a [su] dirección" en Bayamón.

El Tribunal Superior, Sala de San Juan, emitió resolución declarando sin lugar la solicitud de Samaritano para que dejase sin efecto la orden de ejecución y la sentencia dictada. Contra dicha resolución Samaritano, por

conducto de su nueva representación legal, presentó recurso de *certiorari* ante este Tribunal Supremo.

El querellado nunca notificó sobre el cambio de dirección de su oficina ni hizo gestión alguna para que se remitiese la correspondencia recibida a su nueva dirección. Tampoco hay constancia de que las notificaciones sobre órdenes y sentencias dictadas fueran devueltas por el correo.

Samaritano, mediante declaración jurada prestada por su vicepresidente, expresa estar satisfecha con la gestión profesional practicada por el querellado en los asuntos de la corporación, razón por la cual no tiene interés alguno en formular querella en su contra ni que se continúen los trámites iniciados en el caso de autos.

Mediante acuerdo sostenido con Samaritano, en 10 de marzo de 1987, el querellado, licenciado Acosta Grubb, se obliga a resarcir los daños sufridos por Samaritano como resultado de los hechos que dieron margen a que se dictase la sentencia en su contra.

## D

El cuarto cargo se relaciona con la representación de la Sra. Consuelo Cordero Vda. de López, quien contrató los servicios del querellado licenciado Acosta Grubb para que éste le gestionara una declaratoria de herederos y la representara en un pleito en su contra.

A juicio de la Oficina del Procurador General, expresado durante la vista celebrada, este cargo carece de fundamento. La señora querellante doña Consuelo Cordero percibió la relación profesional con el querellado en una dimensión inexacta. Por entender que el licenciado Acosta Grubb hizo las gestiones profesionales pertinentes, manifestó estar consciente de la falta de prueba para sostener este cargo.

## E

El último cargo contra el licenciado Acosta Grubb surge de su relación con el señor Rodrigo Rodríguez, quien contrató los servicios del querellado para que éste le tramitara la renovación de su licencia de portar armas. Si bien ya el Tribunal Superior autorizó la renovación de la licencia, el comisionado determinó que no existía justificación para la excesiva dilación de este trámite, que tomó dos (2) años.

En relación con este último cargo, el Procurador General plantea que el licenciado Acosta Grubb desatendió sus requerimientos al respecto.

## II

Los Cánones de Ética Profesional establecen las normas básicas que deben regir la relación de un abogado con su cliente. Todo miembro de la profesión legal tiene el deber de "defender los intereses del cliente diligentemente", Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos, experiencia y habilidad desempeñándose de una forma adecuada y responsable, capaz y efectiva. *In re Cardona Vázquez*, 108 D.P.R. 6, 18 (1978); *In re Arana Arana*, 112 D.P.R. 838, 843 (1982); *Colón Prieto* v. *Géigel*, 115 D.P.R. 232, 239 (1984); *In re Díaz Alonso, Jr.*, 115 D.P.R. 755, 764 (1984); J. P. Eddy, *Professional Negligence*, London, Steven & Sons Ltd., 1956, pág. 27; L. R. Patterson, *Legal Ethics: The Law of Professional Responsibility*, Nueva York, M. Bender, 1982, Secs. 2.01–3.03.

"El ejercicio de la práctica de la profesión de abogado requiere en todo momento celo, cuidado y

prudencia." *In re Rodríguez Torres,* 104 D.P.R. 758, 765 (1976); *In re Siverio Orta,* 117 D.P.R. 14 (1986).

Si bien el Código de Ética le reconoce al abogado el derecho de aceptar o rechazar una representación profesional, Canon 26 (4 L.P.R.A. Ap. IX), una vez acepta y asume la representación legal de un cliente, tiene la responsabilidad de descargar su labor con la requerida rapidez y eficiencia. La ética le exige a todo abogado que rehúse representar a una parte cuando está consciente de que no puede defender sus intereses en forma adecuada. Patterson, *op. cit.,* págs. 3–4.

Por otro lado, una vez se acepta un cliente, un abogado no puede ni debe renunciar a esta responsabilidad sin antes obtener permiso del tribunal y tomar aquellas medidas razonables que sean necesarias para evitar se le causen perjuicios al cliente. *In re Siverio Orta,* supra; *Lluch v. España Service Sta.,* 117 D.P.R. 729 (1986); *In re Ávila, Jr.,* 109 D.P.R. 440, 454 (1980); *In re Cruz Tollinche,* 112 D.P.R. 699 (1982); *In re Díaz Alonso, Jr.,* supra.

También debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo, consultándole cualquier duda sobre asuntos que no caigan en el ámbito discrecional, y dentro de los medios permisibles, cumplir con sus instrucciones. Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. *In re Pagán Ayala,* 109 D.P.R. 712 (1980); *In re Díaz Alonso, Jr.,* supra.

## III

Los cargos contra el querellado revelan un patrón de descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de sus clientes. Las determinaciones de hecho del comisionado especial

demuestran que el querellado incumplió su deber de ser diligente en la tramitación de sus casos; evitar indebidas dilaciones; mantener a sus clientes informados, y renunciar a la representación legal de su cliente por no poder atender adecuadamente sus intereses. Cánones 12, 18, 19 y 20 de Ética Profesional.

■ Aunque en dos de los cargos que pesan contra el licenciado Acosta Grubb éste le ha indemnizado a sus clientes por los daños y perjuicios que su conducta les pudiera haber ocasionado, reiteramos que la responsabilidad civil que surge del incumplimiento de las obligaciones de un abogado para con sus clientes es separada e independiente del trámite disciplinario por infracción al Código de Ética. *In re Siverio Orta,* supra.

■ Agrava el caso ante nuestra consideración el hecho de que el licenciado Acosta Grubb prestó servicios a la judicatura del país por doce años. Señalamos, además, y tomamos conocimiento judicial de que mediante resolución de 16 de febrero de 1982 el querellado fue separado de la profesión de notario por falta de pago de fianza notarial, y que en octubre 17 de 1983 fue amonestado por este foro por la falta de diligencia mostrada en el descargo de su deber de representación. Como ex miembro de la Rama Judicial debió tener más presente el rol del abogado como funcionario del tribunal y su deber de aportar a una mejor administración de la justicia. Su conducta resulta inexcusable y amerita una suspensión temporera del ejercicio de la profesión.

Por los fundamentos expresados, *se suspende al licenciado Acosta Grubb del ejercicio de la abogacía en Puerto Rico por un período de dos (2) años. Se dictará sentencia de conformidad con lo antes expuesto.*

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Negrón García se inhibieron.