EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | Querella |
| | 2004 TSPR 6 |
| Serapio Laureano Molina | 160 DPR _____ |

Número del Caso: CP-2001-10

Fecha: 13 de enero de 2004

Oficina del Procurador General:

>            Lcda. Yvonne Casanova Pelosi
>            Procuradora General Auxiliar

Abogado de la Parte Querellada:
>            Lcdo. Raúl Santiago Meléndez

Abogada de la Parte Querellante:
>            Lcda. Genoveva Valentín Soto

Materia: Conducta Profesional
>        (La suspensión será efectiva el 22 de enero de 2004
>        fecha en que se le notificó al abogado de su
>        suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Serapio Laureano Molina          CP-2001-10

PER CURIAM

San Juan, Puerto Rico a 13 de enero de 2004

La Oficina del Procurador General (en adelante Procurador) presentó ante nos un informe sobre la conducta profesional del Lcdo. Serapio Laureano Molina. Luego de varios trámites procesales le ordenamos al Procurador formular la correspondiente querella, la cual fue instada el 25 de septiembre de 2001. En ésta se le imputó al abogado querellado Molina tres (3) cargos por violaciones a las disposiciones de los Cánones 18, 19 y 20 de Ética Profesional, 4 L.P.R.A. Ap. IX.

Examinada la querella instada por el Procurador así como la contestación sometida por el licenciado

Laureano Molina, designamos como Comisionado Especial al Hon. Agustín Mangual Hernández (en adelante Comisionado). Las partes no ofrecieron prueba testifical y sometieron la controversia por el Informe de Conferencia entre Abogados.[1] El 1 de agosto de 2003 el Comisionado sometió su Informe. El 25 de septiembre, a tenor con lo dispuesto en la Regla 9(O) del Reglamento del Tribunal Supremo de 1996, se le notificó a las partes que el caso había quedado sometido en los méritos para su adjudicación por este Tribunal. Éstas no comparecieron para expresarse sobre el Informe.

A continuación un resumen de los hechos conforme surgen del Informe del Comisionado y demás documentos que obran en autos.

I

El 18 de septiembre de 2000, la Unión de Servidores Públicos Unidos de Puerto Rico (en adelante Unión) contrató los servicios profesionales del licenciado Laureano Molina para que asesorara y representara a sus unionados. Conforme a dicho contrato, el abogado asumió la representación legal del Sr. Ángel Reyes Lucca, la

---

[1] Del Informe del Comisionado surge, además, que las partes ofrecieron copia de los autos del Caso Núm. AS-00-10-674, *María Vázquez Pagán v. Departamento de la Familia* y el Caso Núm. AS-00-10-672, *María Vázquez Pagán v. Departamento de la Familia*. Ambos casos estuvieron ante la consideración de la Junta de Apelaciones del Sistema de Administración de Personal (en adelante JASAP).

Sra. Carmen Rodríguez Rivera y la Sra. María V. Vázquez Pagán (en adelante querellantes) en el Caso Núm. AS-00-01-923 sobre una Apelación ante JASAP mediante la cual éstos reclamaban pasos por mérito de su patrono, el Departamento de la Familia.

El contrato entre la Unión y el abogado querellado fue resuelto el 3 de noviembre de 2000, antes de que se adjudicaran las acciones ante JASAP. En consecuencia, la Unión procedió a solicitarle al abogado, mediante llamadas telefónicas a su Bufete Santiago-Meléndez, que le devolviera los expedientes que le habían sido referidos. Éste no respondió a dicho requerimiento. La Unión entonces se comunicó con la Federación de Maestros de Puerto Rico ya que, por información suministrada por el Bufete Santiago-Meléndez, el licenciado Laureano Molina trabajaba para dicha organización. El abogado querellado tampoco respondió a los reclamos por lo que la Lcda. Genoveva Valentín Soto, Directora de la División Legal de dicha Unión, remitió una segunda comunicación, esta vez al Plan de Salud de la Federación de Maestros. A pesar de las gestiones realizadas, el abogado nunca se comunicó con la Unión ni con los querellantes.[2]

---

[2] Surge de los documentos que obran en autos que los tres (3) querellantes efectuaron varias gestiones para comunicarse con el abogado para conocer el estado procesal de su caso, pero éste nunca les devolvió las llamadas al igual que tampoco les hizo entrega de sus respectivos expedientes. En el proceso de gestionar que

De los autos del caso AS-00-01-923 ante JASAP, surge que el 11 de julio de 2000, se le concedió a los apelantes (aquí querellantes) representados por el abogado querellado diez (10) días laborables para replicar a la oposición de la parte apelada, el Departamento de la Familia. Dicho término fue prorrogado el 17 de agosto de 2000. El 15 de noviembre de 2000, se les concedió un término de veinte (20) días para que mostraran causa por la cual no debía desestimarse el recurso ante el incumplimiento de lo ordenado por JASAP en su Resolución de 11 de julio de 2000. El abogado querellante tampoco cumplió con dicha orden, por consiguiente, el 6 de marzo de 2001, JASAP desestimó la apelación de los querellantes por abandono y falta de interés.

El 28 de marzo de 2001, el abogado querellado presentó una "Moción Urgente Solicitando Reconsideración", en la cual pedía que se dejara sin efecto la desestimación del recurso de apelación ante la agencia.

El 2 de abril de 2001, JASAP acogió dicha moción y le concedió diez (10) días adicionales al querellado para cumplir con la orden aún pendiente y dictada el 13 de noviembre de 2000. El querellado tampoco cumplió con esta orden y finalmente, JASAP dictó una Resolución el

---

el abogado les hiciera entrega de sus expedientes, sus respectivas acciones fueron desestimadas por la agencia administrativa.

10 de mayo de 2001 y notificada el 16 del mismo mes declarando sin lugar dicha moción de reconsideración. El mismo 10 de mayo, el abogado querellado presentó una Moción en Cumplimiento de Orden informando, entre otras cosas, que no había recibido la Resolución emitida por JASAP el 2 de abril, declarando ha lugar su Moción Urgente Solicitando Reconsideración debido a que se le había enviado a la dirección equivocada. No obstante, dicha resolución fue enviada a la dirección informada por el abogado querellado en su Moción de Reconsideración de 28 de marzo de 2001. Cabe destacar que también el 10 de mayo de 2001, el abogado querellado presentó ante JASAP una moción solicitando el relevo de su representación legal de los apelantes aquí querellantes.

Así las cosas, el abogado querellado acudió al Tribunal de Circuito de Apelaciones mediante recurso de revisión en el Caso Núm. KLRA-01-00613, *Ángel Rivera y otros v. Departamento de la Familia*. Dicho Tribunal denegó la solicitud mediante Resolución emitida el 9 de marzo de 2002. El querellado acudió entonces a este Tribunal, mediante el recurso de certiorari en el Caso Núm. CC-2002-298; *Ángel Rivera y otros v. Departamento de la Familia*. Este recurso también fue declarado no ha lugar mediante Resolución de 17 de mayo de 2002.

II

Reiteradamente hemos expresado que todo miembro de la profesión legal tiene el deber de defender diligentemente los intereses de su cliente con un trato profesional caracterizado por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez.  Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX. Véanse, además: *In re Grau Díaz*, res. 1 de mayo de 2001, 154 D.P.R. ___ (2001), 2001 TSPR 70, 2001 JTS 70, págs. 1253-54; *In re Águila López*, res. 27 de septiembre de 2000, 152 D.P.R. ___ (2000), 2000 TSPR 166, 2000 JTS 178, págs. 381-82; e *In re Acosta Grubb*, 119 D.P.R. 595 (1987).

A tenor con lo antes expuesto se puede colegir, con meridiana claridad, que el licenciado Laureano Molina incumplió con los deberes éticos exigidos por el Canon 18, *supra*, cuando luego de aceptar representar a los querellantes, no fue diligente en la defensa de los intereses de éstos.  Su negligencia y desidia al ignorar la órdenes de JASAP y al no justificar sus incomparecencias fueron de tal naturaleza que la agencia no tuvo más alternativa que archivar la apelación de los querellantes por abandono y falta de interés.  Aún así, la agencia le concedió al abogado querellado otra oportunidad al acoger su solicitud de reconsideración. Ésta le concedió término para que cumpliera con la orden

aún pendiente de 13 de noviembre de 2000 y éste nuevamente hizo caso omiso a los requerimientos, lo que llevó a la agencia a declarar no ha lugar la solicitud de reconsideración. El abogado querellado también omitió notificarle a los querellantes que JASAP había desestimado su recurso de apelación por abandono y falta de interés ni les explicó las posibles consecuencias del dictamen.

Así pues, el abogado querellado abandonó el caso de sus clientes y desatendió la encomienda que éstos le hicieron al grado de no informarles sobre los desacertados trámites que seguía la apelación ante JASAP. Los querellantes se enteraron de la desestimación del recurso de apelación por otras fuentes.[3]

De otra parte, el Canon 19, *supra*, obliga a los abogados a mantener a sus clientes informados sobre todo asunto importante que surja en el trámite de los casos. *In re Cardona Ubiñas*, res. 15 de marzo de 2002, 2002

---

[3] Sobre este particular, es menester señalar que de los documentos que obran en autos surge que el 4 de abril de 2001, uno de los querellantes, el señor Reyes Lucca, le informó a la licenciada Valentín Soto que él y los demás querellantes se habían enterado que su caso había sido desestimado por abandono y falta de interés. Al conocer esta situación, la licenciada Valentín Soto procedió a comunicarse nuevamente con el abogado querellado en el Bufete Santiago-Meléndez, en la Federación de Maestros y en el Plan de Salud sin recibir respuesta alguna. Inclusive, la abogada le envió al querellado otra comunicación en la que se le requería coordinar una fecha para reunirse y aclarar la situación de los querellantes. Sin embargo, dicha gestión también resultó infructuosa.

TSPR 48, 156 D.P.R. ___ (2002), 2002 JTS 53, pág. 958; *In re Soto Colón*, res. 9 de noviembre de 2001, 155 D.P.R. ___ (2001), 2001 TSPR 166, 2001 JTS 166, pág. 478; e *In re Rosario*, 116 D.P.R. 462, 466-67 (1985).

De los documentos que obran en autos surgen los intentos, todos infructuosos, que tanto mediante conversaciones telefónicas como mediante carta se le hicieron al querellado conducentes a conocer el status del caso de los querellantes. No existe evidencia de que el abogado querellado hubiese efectuado gestión alguna dirigida a mantener a los querellantes informados del status de sus respectivas acciones sino hasta el momento en que éstos acuden ante este foro.

Sabido es que un abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo. *In re Acosta Grubb*, *supra*. **"Una sentencia... [o dictamen de una agencia administrativa] que pone fin, parcial o adjudica totalmente la causa de acción, es uno de los asuntos a ser informados por el abogado inmediatamente al cliente"**. (Énfasis nuestro.) *Colón Prieto v. Geigel*, 115 D.P.R. 232, 240 (1984).

Finalmente, el abogado querellado también violó el Canon 20 de Ética Profesional, *supra*, el cual, entre otras cosas, obliga a todo abogado a tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente, tales como aconsejarle debidamente sobre

la necesidad de una nueva representación legal cuando ello sea necesario, concederle tiempo para conseguir una nueva representación legal, aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción; la radicación de cualquier escrito; o el cumplimiento de cualquier otra disposición legal del tribunal al respecto.

Una vez se acepta un cliente, un abogado no puede ni debe renunciar a esta responsabilidad sin antes obtener la aceptación del tribunal o de la agencia adjudicativa. Debe, además, tomar aquellas medidas razonables que sean necesarias para evitar se le causen perjuicios al cliente. *In re Acosta Grubb*, *supra* a la pág. 603.

Los cargos contra el licenciado Laureano Molina revelan un patrono de descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de sus clientes. Las determinaciones de hecho del Comisionado demuestran que éste incumplió su deber de ser diligente en la tramitación de sus casos; evitar indebidas dilaciones; mantener a sus clientes informados; y renunciar a la representación legal de sus clientes por no poder atender adecuadamente sus intereses.

Ciertamente, su desempeño dista mucho de ser uno responsable, diligente y competente como lo exigen los Cánones de Ética Profesional que rigen a la clase togada.

III

Por las razones anteriormente esbozadas se decreta la suspensión inmediata del ejercicio de la abogacía del Lcdo. Serapio Laureano Molina por un término de un (1) año, a partir de la notificación de esta Opinión.

Se ordena al Alguacil de este Tribunal que proceda a notificar esta Opinión Per Curiam y Sentencia personalmente al licenciado Laureano Molina y a incautarse de su obra y sello notarial, para ser remitida, examinada y oportunamente objeto de un informe por parte de la Oficina de Inspección de Notarías.

Se le ordena, además, notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam y Sentencia, el cumplimiento con estos deberes, notificando también al Procurador General. Se le advierte que el incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Serapio Laureano Molina            CP-2001-10

SENTENCIA

San Juan, Puerto Rico a 13 de enero de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia decretando la suspensión inmediata del ejercicio de la abogacía del Lcdo. Serapio Laureano Molina por un término de un (1) año, a partir de la notificación de esta Opinión.

Se ordena al Alguacil de este Tribunal que proceda a notificar esta Opinión Per Curiam y Sentencia personalmente al licenciado Laureano Molina y a incautarse de su obra y sello notarial, para ser remitida, examinada y oportunamente objeto de un informe por parte de la Oficina de Inspección de Notarías.

Se le ordena, además, notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam y Sentencia,

el cumplimiento con estos deberes, notificando también al Procurador General.  Se le advierte que el incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López reduciría la sanción a seis (6) meses.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo