EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José O. Cotto Luna | 2013 TSPR 8 <br><br> 187 DPR ____ |

Número del Caso: CP-2011-9

Fecha: 20 de diciembre de 2012

Abogado del Querellado:

     Lcdo. Erasmo Rodríguez Vázquez

Oficina de la Procuradora General:

     Lcda. Tatiana Grajales Torruella
     Subprocuradora General

     Lcda. Minie H. Rodriguez López
     Procuradora General Auxiliar

     Lcda. Maranyeli Colón Requejo
     Procuradora General Auxiliar

Materia: Conducta Profesional – Censura Enérgica

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José O. Cotto Luna

Conducta
Profesional

CP-2011-9

*PER CURIAM*

San Juan, Puerto Rico, a 20 de diciembre de 2012.

I

El Lcdo. José O. Cotto Luna, en adelante, licenciado Cotto Luna, fue admitido al ejercicio de la abogacía el 18 de noviembre de 1980 y prestó juramento como Notario el 20 de abril de 1981. El 10 de agosto de 2011, la Procuradora General presentó una Querella sobre conducta profesional contra el licenciado Cotto Luna por violaciones a los Cánones 18 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX.

Procedemos a relatar los acontecimientos procesales que motivaron la Querella, según surgen del expediente.

La Queja AB-2011-018 contra el licenciado Cotto Luna fue presentada por el Sr. Carmelo Pérez Cruz, en adelante, el quejoso.[1]   La génesis de la Queja instada fue un Contrato de Servicios Profesionales suscrito entre el quejoso y el licenciado Cotto Luna.   El quejoso alegó que contrató los servicios del abogado el 16 de febrero de 2010 para que le representara en un caso de expulsión de la Policía de Puerto Rico ante la Comisión de Investigación, Procesamiento y Apelación, en adelante, la CIPA.   Mediante Resolución emitida el 20 de abril de 2010 y notificada el 3 de mayo de 2010, la CIPA desestimó la apelación por falta de jurisdicción.   En su Resolución, la CIPA señaló que la apelación había sido presentada fuera del término jurisdiccional que dispone el ordenamiento jurídico.   Cabe indicar que la decisión administrativa de expulsión le fue notificada al quejoso el 9 de febrero de 2010 y la apelación fue instada el 18 de marzo de 2010, es decir, treinta y siete (37) días luego de haberse notificado la decisión administrativa.[2]

Instada la Queja, el licenciado Cotto Luna presentó su Contestación a Queja.   Alegó que preparó, firmó y envió la apelación por correo regular el 17 de febrero de 2010.   Expresó que, aunque orientó al quejoso sobre la

---

[1] Previamente, el quejoso  presentó una reclamación en daños y perjuicios contra el licenciado Cotto Luna. Esta fue sometida a un proceso de arbitraje ante el Colegio de Abogados de Puerto Rico. Finalmente el Laudo de los Árbitros concluyó que el licenciado Cotto Luna no venía obligado a compensar al quejoso.   No obstante, este presentó la Queja ante el Tribunal Supremo.
[2] Surge del ponche de la CIPA que aunque la apelación tiene fecha de 17 de febrero de 2010, no fue presentada hasta el 18 de marzo de 2010.

posibilidad de instar una reconsideración, para lo cual necesitaría que el quejoso acudiera a la CIPA a obtener ciertos documentos, el quejoso optó por acudir a otro abogado para que instara la referida moción de reconsideración. Dicha reconsideración fue denegada el 25 de mayo de 2010.

El 7 de marzo de 2011 la Procuradora General sometió su Informe sobre la Queja instada. Recomendó que se prosiguiera con la causa por obrar en el expediente prueba, al menos *prima facie*, de infracción a los Cánones de Ética. Apuntó que de los documentos que obraban en el expediente no se podía mas que concluir que el quejoso había perdido su oportunidad de revisión de la acción de personal que le resultó adversa por la falta de diligencia del licenciado Cotto Luna.

Tras conceder un término de veinte (20) días al licenciado Cotto Luna para que se expresara en cuanto al Informe, el 29 de abril de 2011 ordenamos a la Procuradora General presentar la correspondiente Querella. El 10 de agosto de 2010 la Procuradora General presentó la Querella sobre conducta profesional contra el licenciado Cotto Luna imputándole violaciones a los Cánones 18 y 38 de Ética Profesional, *supra*.

Mediante Orden emitida, peticionamos al licenciado Cotto Luna a contestar la Querella incoada en su contra. El licenciado Cotto Luna presentó su contestación a las alegaciones expuestas en la Querella.

Luego de los trámites de rigor, designamos al Hon. Wilfredo Alicea López como Comisionado Especial para atender el procedimiento de autos. Tras celebrar una vista evidenciaria, el Comisionado Especial rindió un Informe en el que determinó que, aquilatada la prueba documental y testifical, el licenciado Cotto Luna había incurrido en la conducta imputada.[3]

Sometido el caso ante nuestra consideración, y contando con el beneficio del Informe del Comisionado Especial y del Procurador General, así como la contestación del licenciado Cotto Luna, resolvemos.

II

Reiteradamente hemos señalado que los Cánones de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. *In re Peña, Santiago,* res. en 5 de junio de 2012, 185 D.P.R. ___ (2012), 2012 T.S.P.R. 109, 2012 J.T.S. 122, *In re Birriel Cardona,* 184 D.P.R. 301 (2012); *In re Muñoz, Morell*, 182 D.P.R. 738 (2011); *In re Torres Viñals*, 180 D.P.R. 236 (2010).

---

[3] En la vista celebrada ante el Comisionado Especial el licenciado Cotto Luna sometió en evidencia su propio testimonio y el testimonio del señor Fiscal Samuel Castellano. Esto con el fin de probar que aunque se hubiese presentado en tiempo la apelación, las probabilidades de que se revocara la determinación de suspensión del quejoso eran mínimas por razón de que la prueba sometida en su contra fue clara, robusta y convincente. Sobre este particular, y tras analizar los testimonios de los referidos testigos así como la prueba documental sometida, el Comisionado Especial coincidió con la posición del licenciado Cotto Luna de que las probabilidades de prevalecer en apelación eran remotas.

De otra parte, el Canon 18 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re Pietri Castellón,* res. en 20 de junio de 2012, 185 D.P.R. ___ (2012), 2012 T.S.P.R. 107, 2012 J.T.S. 120.

El Canon 18 del Código de Ética Profesional, *supra*, dispone que un abogado tiene que defender los derechos de su cliente de forma diligente. Para ello debe desplegar en cada caso su más profundo saber y actuar con responsabilidad. Id. Al respecto, hemos expresado que "[a]l aceptar representar a un cliente y posteriormente no realizar gestiones profesionales adecuadas conlleva irremediablemente a incumplir con los postulados más básicos del Canon 18 del Código de Ética Profesional, *supra*". Id. La representación legal adecuada requiere que se ejerza la profesión con celo, cuidado y prudencia. *In re Acosta Grubb*, 119 D.P.R. 595 (1987). Una vez el abogado acepta representar a un cliente, tiene la responsabilidad de descargar su labor con rapidez y eficiencia. Id.

Por otro lado, hemos resuelto que el Canon 38 de Ética Profesional le exige a todo abogado conducirse en forma que exalte la dignidad y el honor de su profesión. 4 L.P.R.A. Ap. IX, C. 38. Esta exigencia responde a la confianza depositada en el abogado como miembro de la ilustre profesión legal. *In re Peña, Santiago, supra.*

Asimismo, al interpretar este precepto, hemos expresado que el abogado es un espejo en el que se refleja la imagen de la profesión. Por ello, debe actuar - tanto en su vida profesional como en su vida privada - con limpieza, lealtad y el más escrupuloso sentido de responsabilidad. Id.

Por otro lado, la Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, establece que le corresponde al Comisionado Especial designado celebrar una vista para recibir la prueba. Por lo tanto, sus determinaciones fácticas merecen nuestra mayor deferencia. Ahora bien, de igual manera hemos resuelto que, aunque este Tribunal no está obligado a aceptar el Informe del Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo adoptar, modificar o rechazar tal Informe, de ordinario sostenemos las conclusiones de hecho de un Comisionado Especial salvo que se demuestre perjuicio, parcialidad o error manifiesto. *In re Torres Viñals,* supra.

Con estos preceptos en mente, atendemos la controversia ante nuestra consideración.

III

Evaluados los hechos reseñados, el Comisionado Especial concluyó que el licenciado Cotto Luna incurrió en conducta violatoria a los Cánones 18 y 38 de los de Ética Profesional. Coincidimos con la determinación del Comisionado Especial. Veamos.

El primer cargo de la Querella le imputa al licenciado Cotto Luna haber actuado contrario al Canon 18 de Ética Profesional, *supra*, al no rendir una labor idónea y competente, causando así la desestimación de una acción de su cliente. De igual modo, no defendió los intereses de su cliente diligentemente desplegando su más profundo saber y habilidad y actuando en aquella forma en que la profesión jurídica en general estima adecuada y responsable.

En cuanto al segundo cargo, se le imputa al licenciado Cotto Luna incurrir en conducta violatoria del Canon 38 de Ética Profesional. Lo anterior al no esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de su profesión, así como en su conducta como funcionario del tribunal al no realizar su propia y cabal aportación hacia la consecución de una mejor administración de la justicia.

En su Réplica a Informe del Comisionado Especial el licenciado Cotto Luna señala que no puede explicar cómo fue que la apelación llegó a la Secretaría de la CIPA el 18 de marzo de 2010. Indica que la preparó y la firmó

conjuntamente con el descubrimiento de prueba el 17 de febrero de 2010. Planteó que en esa fecha la depositó y remitió a la CIPA, mediante correo regular. Al recibir la Resolución desestimatoria inmediatamente se comunicó con el quejoso solicitándole acudiera a la CIPA a revisar el expediente y le llevara los documentos obrantes en el expediente a los fines de aclarar mediante una reconsideración, lo que para él era una determinación incomprensible. No obstante, el quejoso obtuvo los documentos y recurrió a otro abogado para que le ayudara a preparar una Moción de Reconsideración ante la CIPA. Dicho escrito fue presentado por derecho propio y fue denegado el 25 de mayo de 2010.

El licenciado Cotto Luna alega como defensas que actuó diligentemente en la defensa de los derechos del quejoso y que el hecho de que la apelación llegara tardíamente a la Secretaría de la CIPA no significaba que había actuado negligentemente aunque pudiera acarrear responsabilidad indirecta. Aduce, a su vez, que no recibió devuelta la apelación, por lo que no tenía que pensar o entender que la misma no había llegado a la Secretaría de la CIPA; que mantuvo a su cliente informado en todo momento de la situación procesal del caso, pero que éste decidió ir donde otro abogado; que el propio quejoso declaró en el procedimiento de arbitraje ante el Colegio de Abogados, que el querellado había sido muy diligente y no dejó de asesorarlo.

Finalmente el licenciado Cotto Luna planteó como defensa que si bien la CIPA desestimó el caso por falta de jurisdicción al recibir la apelación fuera de término, la conclusión inescapable es que visto en sus méritos el caso, sin lugar a dudas, la expulsión hubiera sido confirmada; que no debe considerarse que ha violado los Cánones de Ética si finalmente se resuelve que incoó tardíamente la apelación porque la misma no hubiese tenido éxito, máxime cuando asumió y desempeñó fielmente su responsabilidad de apelar y remitió el documento de apelación veintidós (22) días antes de finalizar el término de apelación por lo que las violaciones que se le imputan no acarrean negligencia profesional de su parte.

IV

Comenzaremos nuestro análisis indicando que los hechos que dan base a la formulación de los cargos éticos no están en controversia.

Entre las determinaciones de hechos del Comisionado Especial surge que el licenciado Cotto Luna se especializa en la práctica del derecho criminal pero también atiende casos civiles y sobre derecho administrativo. A su vez, se desprende que goza de buena reputación profesional en la comunidad donde se desempeña y las violaciones que se le imputan en el caso de epígrafe, son la primera falta en su récord profesional ante este Tribunal.

En su Informe, el Comisionado Especial concluyó que tomando en consideración la totalidad de la prueba

presentada, el licenciado Cotto Luna incurrió en negligencia al no comprobar y asegurarse que el escrito de apelación había llegado en tiempo ante la CIPA, pues al ser enviado por correo regular era previsible que se extraviara o llegara tardíamente. Así pues su falta de diligencia lo llevó a violar los Cánones 18 y 38 de Ética Profesional. Concurrimos con la apreciación del Comisionado Especial.

No podemos avalar el argumento del licenciado Cotto Luna en cuanto a que presentó la apelación en el correo en tiempo. Tampoco el que algunas cartas se extravían o se quedan en el correo donde se depositó. Sobre el particular basta decir que al optar por depositar la apelación en el correo, el licenciado Cotto Luna asumió el riesgo de que la misma no arribara a su destinatario, a saber, la CIPA, dentro del término jurisdiccional. Sabido es que la única fecha jurídicamente importante es la de presentación oportuna del recurso ante el organismo administrativo. Entendemos que el licenciado Cotto Luna tenía el deber de acreditar que dicho escrito llegara al destinatario, máxime cuando lo remitió por correo regular. Debemos recordar que aquí se trataba de un término jurisdiccional que no admite prórroga. No hay duda de que la utilización del correo entraña un grave riesgo en esos casos y no podemos despacharlo tan livianamente como se nos invita.

Hemos resuelto que la presentación tardía de un recurso ante un foro apelativo que conlleve su desestimación se configura como una violación ética del abogado. *In re Zayas Nieves*, 181 D.P.R. 49 (2011).

Por otro lado, el licenciado Cotto Luna nos plantea que el Comisionado Especial determinó que la apelación no tenía probabilidad de resolverse a favor del quejoso. Tampoco podemos avalar este argumento. Lo cierto es que el derecho a apelar del quejoso se vio afectado por la actuación del licenciado Cotto Luna. Es una violación ética no salvaguardar el derecho a apelar de un cliente.

Expresado lo anterior solo nos resta determinar la sanción a imponer. Al determinar la sanción disciplinaria que procede imponer cuando un abogado ha incurrido en una conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, hemos tomado en cuenta los factores siguientes: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) el resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. *In re Vázquez Pardo,* res. en 27 de junio de 2012, 185 D.P.R. __ (2012), 2012 T.S.P.R. 113, 2012 J.T.S. 126. Estos

criterios nos sirven de guía al determinar la sanción que procede imponer.

Recientemente, en *In re Pietri Castellón*, supra, disciplinamos a un abogado con una censura enérgica por quebrantar los Cánones 6, 12, 18 y 19. Determinamos que el licenciado Pietri Castellón no actuó diligentemente en el trámite de unos casos administrativos, incumplió con órdenes de una agencia y no mantuvo informada directamente a su clienta, lo cual culminó en la desestimación con perjuicio de dos (2) Querellas y la imposibilidad de solicitar revisión judicial.

El licenciado Cotto Luna lleva veintidós (22) años ejerciendo la profesión de abogado y veintiuno (21) de notario. No consta en su expediente ninguna querella por su gestión profesional. Las violaciones que se le imputan son la primera falta en su récord profesional ante este Tribunal. Hemos señalado que esto constituye un atenuante a ser considerado. *In re Amill Acosta*, 181 D.P.R. 934 (2011).

A su vez, goza de buena reputación profesional en la comunidad donde se desempeña.

Al sopesar todo lo anterior, y ante los hechos particulares de la situación de autos, **censuramos enérgicamente** al licenciado Cotto Luna por su conducta. Le advertimos que en el futuro deberá ser más cuidadoso con el trabajo que desempeña.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José O. Cotto Luna                        Conducta
                                          Profesional

                    CP-2011-9

SENTENCIA

San Juan, Puerto Rico, a 20 de diciembre de 2012.

        Por los fundamentos esbozados en la Opinión *Per Curiam* que antecede, censuramos enérgicamente al licenciado José O. Cotto Luna.  Le advertimos que en el futuro deberá ser más cuidadoso con el trabajo que desempeña.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo