PER CURIAM:
I-I
El Ledo. José O. Cotto Luna (en adelante licenciado Cotto Luna) fue admitido al ejercicio de la abogacía el 18 de noviembre de 1980 y prestó juramento como notario el 20 de abril de 1981. El 10 de agosto de 2011, la Procuradora General presentó una querella sobre conducta profesional contra el licenciado Cotto Luna por violaciones a los Cáno-nes 18 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
Procedemos a relatar los acontecimientos procesales que motivaron la querella, según surgen del expediente.
La Queja AB-2011-018 contra el licenciado Cotto Luna fue presentada por el Sr. Carmelo Pérez Cruz (en adelante el quejoso).(1) El origen de esta fue un contrato de servicios profesionales suscrito entre el quejoso y el licenciado Cotto Luna. El quejoso alegó que contrató los servicios del abo-gado el 16 de febrero de 2010 para que le representara en un caso de expulsión de la Policía de Puerto Rico ante la Comisión de Investigación, Procesamiento y Apelación (en adelante la CIPA). Mediante resolución emitida el 20 de abril de 2010 y notificada el 3 de mayo de 2010, la CIPA desestimó la apelación por falta de jurisdicción. En su re-solución, la CIPA señaló que la apelación había sido pre-sentada fuera del término jurisdiccional que dispone el or-denamiento jurídico. Cabe indicar que la decisión administrativa de expulsión le fue notificada al quejoso el 9 de febrero de 2010 y la apelación fue instada el 18 de *587 marzo de 2010, es decir, treinta y siete (37) días luego de haberse notificado la decisión administrativa.(2)
Instada la queja, el licenciado Cotto Luna presentó su Contestación a Queja. Alegó que preparó, firmó y envió la apelación por correo regular el 17 de febrero de 2010. Ex-presó que, aunque orientó al quejoso sobre la posibilidad de instar una reconsideración, para lo cual necesitaría que el quejoso acudiera a la CIPA a obtener ciertos documen-tos, el quejoso optó por acudir a otro abogado para que instara la moción de reconsideración. Esa reconsideración fue denegada el 25 de mayo de 2010.
El 7 de marzo de 2011, la Procuradora General sometió su informe sobre la queja instada. Recomendó que se pro-siguiera con la causa por obrar prueba en el expediente, al menos prima facie, de la infracción a los cánones del Có-digo de Etica Profesional. Apuntó que de los documentos que obraban en el expediente no se podía más que concluir que el quejoso había perdido su oportunidad de revisión de la acción de personal que le resultó adversa por la falta de diligencia del licenciado Cotto Luna.
Tras conceder un término de veinte (20) días al licen-ciado Cotto Luna para que se expresara en cuanto al in-forme, el 29 de abril de 2011 ordenamos a la Procuradora General presentar la querella correspondiente. El 10 de agosto de 2010, la Procuradora General presentó la quere-lla sobre conducta profesional contra el licenciado Cotto Luna para imputarle violaciones a los Cánones 18 y 38 del Código de Ética Profesional, supra.
Mediante una orden emitida, peticionamos al licenciado Cotto Luna a contestar la querella incoada en su contra. El licenciado Cotto Luna presentó su contestación a las alega-ciones expuestas en la querella.
Luego de los trámites de rigor, designamos al Hon. Wil *588 fredo Alicea López como comisionado especial para atender el procedimiento de autos. Tras celebrar una vista eviden-ciaría, el Comisionado Especial rindió un informe en el que determinó que, aquilatada la prueba documental y testifical, el licenciado Cotto Luna había incurrido en la con-ducta imputada.(3)
Sometido el caso ante nuestra consideración y contando con el beneficio del informe del Comisionado Especial y del Procurador General, así como la contestación del licen-ciado Cotto Luna, resolvemos.
II
Reiteradamente hemos señalado que los Cánones de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. In re Peña, Santiago, 185 D.P.R. 764 (2012); In re Birriel Cardona, 184 D.P.R. 301 (2012); In re Muñoz, Morell, 182 D.P.R. 738 (2011); In re Torres Viñals, 180 D.P.R. 236 (2010).
De otra parte, el Canon 18 del Código de Ética Profesional, supra, dispone, en lo pertinente, que:
Será impropio de un abogado asumir una representación pro-fesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuada-mente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
Es deber del abogado defender los intereses del cliente con diligencia, desplegando en cada caso su más profundo *589 saber y habilidad y actuando según la profesión jurídica en general estima adecuado y responsable. In re Pietri Castellón, 185 D.P.R. 982 (2012).
El Canon 18 del Código de Etica Profesional, supra, dispone que un abogado tiene que defender los dere-chos de su cliente de forma diligente. Para ello debe des-plegar en cada caso su más profundo saber y actuar con responsabilidad. Íd. Al respecto, hemos expresado que “[c]uando se acepta la representación de un cliente y no se realizan posteriormente las gestiones profesionales ade-cuadas, se incumple irremediablemente con los postulados más básicos del Canon 18 del Código de Ética Profesional, supra”. In re Pietri Castellón, supra, pág. 992, La represen-tación legal adecuada requiere que se ejerza la profesión con celo, cuidado y prudencia. In re Acosta Grubb, 119 D.P.R. 595 (1987). Una vez el abogado acepta representar a un cliente, tiene la responsabilidad de realizar su labor con rapidez y eficiencia. Íd.
Por otro lado, hemos resuelto que el Canon 38 del Código de Ética Profesional le exige a todo abogado condu-cirse exaltando la dignidad y el honor de su profesión. 4 L.P.R.A. Ap. IX. Esta exigencia responde a la confianza de-positada en el abogado como miembro de la ilustre profe-sión legal. In re Peña, Santiago, supra.
Asimismo, al interpretar este precepto, hemos expre-sado que el abogado es un espejo en el que se refleja la imagen de la profesión. Por ello, debe actuar —tanto en su vida profesional como en su vida privada— con limpieza, lealtad y el más escrupuloso sentido de responsabilidad. Íd.
Por otro lado, la Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, establece que le co-rresponde al Comisionado Especial designado celebrar una vista para recibir la prueba. Por lo tanto, sus determina-ciones tácticas merecen nuestra mayor deferencia. Ahora *590 bien, de igual manera hemos resuelto que, aunque este Tribunal no está obligado a aceptar el Informe del Comi-sionado Especial nombrado para atender una querella contra un abogado, pudiendo adoptar, modificar o rechazar tal informe, de ordinario, sostenemos las conclusiones de he-cho de un comisionado especial salvo que se demuestre perjuicio, parcialidad o error manifiesto. In re Torres Viñals, supra.
Con estos preceptos en mente, atendemos la controver-sia ante nuestra consideración.
III
Evaluados los hechos reseñados, el Comisionado Especial concluyó que el licenciado Cotto Luna incurrió en con-ducta violatoria a los Cánones 18 y 38 del Código de Etica Profesional, supra. Coincidimos con la determinación del Comisionado Especial. Veamos.
El primer cargo de la querella le imputa al licenciado Cotto Luna haber actuado contrario al Canon 18 del Código de Etica Profesional, supra, al no rendir una labor idónea y competente, causando así la desestimación de una acción de su cliente. De igual modo, no defendió los intere-ses de su cliente diligentemente desplegando su más pro-fundo saber y habilidad y actuando en aquella forma en que la profesión jurídica en general estima adecuada y responsable.
En cuanto al segundo cargo, se le imputa al licenciado Cotto Luna incurrir en conducta violatoria del Canon 38 del Código de Etica Profesional, supra. Lo anterior al no esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de su profesión, así como en su con-ducta como funcionario del tribunal al no realizar su pro-pia y cabal aportación hacia la consecución de una mejor administración de la justicia.
*591 En su Réplica a Informe del Comisionado Especial, el licenciado Cotto Luna señala que no puede explicar cómo fue que la apelación llegó a la Secretaría de la CIPA el 18 de marzo de 2010. Indica que la preparó y la firmó conjun-tamente con el descubrimiento de prueba el 17 de febrero de 2010. Planteó que en esa fecha la depositó y remitió a la CIPA, mediante correo regular. Al recibir la resolución des-estimatoria inmediatamente se comunicó con el quejoso para solicitarle que acudiera a la CIPA a revisar el expe-diente y le llevara los documentos obrantes en el expe-diente para aclarar mediante una reconsideración, lo que para él era una determinación incomprensible. No obs-tante, el quejoso obtuvo los documentos y recurrió a otro abogado para que le ayudara a preparar una moción de reconsideración ante la CIPA. Ese escrito fue presentado por derecho propio y fue denegado el 25 de mayo de 2010.
El licenciado Cotto Luna alega como defensa que actuó diligentemente en la defensa de los derechos del quejoso y que el hecho de que la apelación llegara tardíamente a la Secretaría de la CIPA no significaba que había actuado ne-gligentemente aunque pudiera acarrear responsabilidad indirecta. Aduce, a su vez, que no recibió devuelta la ape-lación, por lo que no tenía que pensar o entender que esta no había llegado a la Secretaría de la CIPA; que mantuvo a su cliente informado en todo momento de la situación pro-cesal del caso, pero que éste decidió ir donde otro abogado; que el propio quejoso declaró en el procedimiento de arbi-traje ante el Colegio de Abogados, que el querellado había sido muy diligente y no dejó de asesorarlo.
Finalmente el licenciado Cotto Luna planteó como de-fensa que si bien la CIPA desestimó el caso por falta de jurisdicción al recibir la apelación fuera de término, la con-clusión inescapable es que visto en sus méritos el caso, sin lugar a dudas, la expulsión hubiera sido confirmada; que no debe considerarse que ha violado los Cánones de Ética Profesional si finalmente se resuelve que incoó tardía- *592 mente la apelación porque esta no hubiese tenido éxito, máxime cuando asumió y desempeñó fielmente su respon-sabilidad de apelar y remitió el documento de apelación veintidós (22) días antes de finalizar el término de apela-ción por lo que las violaciones que se le imputan no aca-rrean negligencia profesional de su parte.
IV
Comenzaremos nuestro análisis indicando que los he-chos que dan base a la formulación de los cargos éticos no están en controversia.
Entre las determinaciones de hechos del Comisionado Especial surge que el licenciado Cotto Luna se especializa en la práctica del derecho criminal, pero también atiende casos civiles y sobre derecho administrativo. A su vez, se desprende que goza de buena reputación profesional en la comunidad donde se desempeña y las violaciones que se le imputan en el caso de epígrafe, son la primera falta en su expediente profesional ante este Tribunal.
En su informe, el Comisionado Especial concluyó que tomando en consideración la totalidad de la prueba presen-tada, el licenciado Cotto Luna incurrió en negligencia al no comprobar y asegurarse de que el escrito de apelación ha-bía llegado en tiempo ante la CIPA, pues al ser enviado por correo regular era previsible que se extraviara o llegara tardíamente. Así pues su falta de diligencia lo llevó a violar los Cánones 18 y 38 del Código de Etica Profesional, supra. Concurrimos con la apreciación del Comisionado Especial.
No podemos avalar el argumento del licenciado Cotto Luna en cuanto a que presentó la apelación en el correo en tiempo. Tampoco el que algunas cartas se extravían o se quedan en el correo donde se depositó. Sobre el particular basta con decir que al optar por depositar la apelación en el correo, el licenciado Cotto Lima asumió el riesgo de que esta no arribara a su destinatario, a saber, la CIPA, en el *593 término jurisdiccional. Sabido es que la única fecha jurídi-camente importante es la de presentación oportuna del re-curso ante el organismo administrativo. Entendemos que el licenciado Cotto Luna tenía el deber de acreditar que ese escrito llegara al destinatario, máxime cuando lo remitió por correo regular. Debemos recordar que aquí se trataba de un término jurisdiccional que no admite prórroga. No hay duda de que la utilización del correo entraña un grave riesgo en esos casos y no podemos despacharlo tan liviana-mente como se nos invita.
Hemos resuelto que la presentación tardía de un recurso ante un foro apelativo que conlleve su desestimación se configura como una violación ética del abogado. In re Zayas Nieves, 181 D.P.R. 49 (2011).
Por otro lado, el licenciado Cotto Luna nos plantea que el Comisionado Especial determinó que la apelación no te-nía probabilidad de resolverse a favor del quejoso. Tam-poco podemos avalar este argumento. Lo cierto es que el derecho a apelar del quejoso se vio afectado por la actua-ción del licenciado Cotto Luna. Es una violación ética no salvaguardar el derecho a apelar de un cliente.
Expresado lo anterior solo nos resta determinar la sanción que se ha de imponer. Al determinar la sanción disciplinaria que procede imponer cuando un abogado ha incurrido en una conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, hemos tomado en cuenta los factores siguientes: (i) la buena reputación del abogado en la comunidad; (ii) su historial previo; (iii) si esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) el resarcimiento al cliente, y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien según los hechos. In re Vázquez Pardo, 185 D.P.R. *594 1031 (2012). Estos criterios nos sirven de guía al determi-nar la sanción que procede imponer.
Recientemente, en In re Pietri Castellón, supra, discipli-namos a un abogado con una censura enérgica por que-brantar los Cánones 6, 12, 18 y 19, supra. Determinamos que el licenciado Pietri Castellón no actuó con diligencia en el trámite de unos casos administrativos, incumplió con órdenes de una agencia y no mantuvo informada directa-mente a su dienta, lo cual culminó en la desestimación con perjuicio de dos (2) querellas y la imposibilidad de solicitar revisión judicial.
El licenciado Cotto Luna lleva veintidós (22) años ejer-ciendo la profesión de abogado y veintiuno (21) de notario. No consta en su expediente ninguna querella por su ges-tión profesional. Las violaciones que se le imputan son la primera falta en su expediente profesional ante este Tribunal. Hemos señalado que esto constituye un ate-nuante que ha de ser considerado. In re Amill Acosta, 181 D.P.R. 934 (2011).
A su vez, goza de buena reputación profesional en la comunidad donde se desempeña.
Al sopesar todo lo anterior, y ante los hechos particula-res de la situación de autos, censuramos enérgicamente al licenciado Cotto Luna por su conducta. Le advertimos que en el futuro deberá ser más cuidadoso con el trabajo que desempeña.

Se dictará sentencia de conformidad.

 Previamente, el quejoso presentó una reclamación en daños y perjuicios contra el licenciado Cotto Luna. Esta fue sometida a un proceso de arbitraje ante el Colegio de Abogados de Puerto Rico. Finalmente el Laudo de los Arbitros concluyó que el licenciado Cotto Luna no venía obligado a compensar al quejoso. No obstante, este presentó la queja ante el Tribunal Supremo.

 Surge del ponche de la CIPA que aunque la apelación tiene fecha de 17 de febrero de 2010, no fue presentada hasta el 18 de marzo de 2010.

 En la vista celebrada ante el Comisionado Especial el licenciado Cotto Luna sometió en evidencia su propio testimonio y el testimonio del señor fiscal Samuel Castellano. Esto con el fin de probar que aunque se hubiese presentado en tiempo la apelación, las probabilidades de que se revocara la determinación de suspensión del quejoso eran mínimas por razón de que la prueba sometida en su contra fue clara, robusta y convincente. Sobre este particular, y tras analizar los testimonios de los referidos testigos así como la prueba documental sometida, el Comisionado Especial coincidió con la posición del licenciado Cotto Luna de que las probabilidades de pre-valecer en apelación eran remotas.